Kent, J.
delivered tbe opinion of tbe court. IJpon this case several questions bave been raised on tbe part of tbe defendant, on a motion for a new trial. 1. It was contended tliat tbe map and deed of partition were not admissible, *because a copy of the map had not been filed, and the note of the division recorded. The act of tbe 8th January, 1762, s. 6, declares, that every former division of lands, of which there was a map, or note in writing, under tbe bands of tbe proprietors, should be a valid partition thereof, provided such note be proved before a judge of tbe supreme court, and a true copy of such map be filed and such note recorded. If the condition on which all such previous partitions were declared valid, be not performed, the transaction is left as it was before, and is to be considered independent of the act. The division, and the deed between the proprietors by which they covenanted to abide by it, and the separate possessions taken in pursuance of that division, were sufficient to sever the tenancy in common, which consisted in nothing but a unity of possession. The parties became concluded and bound by that act, and the map and deed being proved before a competent officer, and possession having gone accordingly, they were admissible as legal evidence in the case.
2. .Another objection taken was, that the defendant was entitled to notice to quit. It has been frequently decided by this court, that a mere tenant at will does not require notice to quit. The circumstances under which the defendant was placed on the premises, prove him to have been strictly a tenant at will. There were no terms prescribed. nor any rent reserved, or demanded, or paid. The defendant ivas merely directed to occupy the land, which gave him more the character of a bailiff than a tenant. There is nothing from which we can consider this to have been a holding from year to year. The reservation of an annual rent, is the leading circumstance that turns leases for uncertain terms into leases from year to year. This *174 was, therefore, not a ease requiring notice to tbe defendant.
3. The last objection made by tbe defendant to the verdict was, that no title corresponding with a joint demise by three of the lessors was shown. The title shown proves that the lessors of the plaintiffs are all tenants in common. If this objection be well made, the plaintiff is still entitled to recover the proportion of the premises belonging to the lessor, who demised separately, and the recovery must be ^modified accordingly. The point has been frequently declared and adjudged, that tenants in common cannot make a joint demise, and yet the books frequently speak in terms inconsistent with this position. Littleton says, that two tenants in common may make a lease of their tenements to another for a term Of years, rendering rent, and may, in consequence thereof, have a joint action against the lessee for the rent. So it is said that théy may join in' a lease to a third person, and that lessee make a lease to try the title; and again, one tenant in common may make a demise of the whole premises, and under that demise may recover an undivided moiety. The case of Heaiherly, on the demise of Worthing' ton and Tunnadine, v. Weston and others, which was the latest and most solemn decision against the competency of a joint demise, assigns as a reason, that the estates of tenants in common are several and distinct, and there is no privity between them. But it appears to me, there is the very privity requisite in this case to make a lease — the unity of possession. The lease is only a transfer of the possession which is common between them. It is no transfer of the rights of property, which is distinct, and in which they truly have no privity. The action of ejectment is founded on the fiction of an ouster of possession merely, and I see no reason why tenants in common may not act jointly in disposing of their joint possession. If they can in any case make a joint lease, as-the books admit, *175 tbeir joint lease in the present case is sufficient, because the fiction is answered, which only requires a lease competent to transfer the possession for a giren term of years. And since this is a r.ere fiction, and the whole action liberally considered, and the recovery, though it be lor the possession onljq yet it does, in effect, enure to each lessor, according to his title, we ought to give effect to the demise, if, by any possibility of law, it can be adjudged good. If the action of ejectment be considered distinct from the fiction of lease, entry, and ouster, two tenants in common could not join at all in the action ; for it is a general and settled rule, that in all actions real and mixed, tenants in common must sever, because they have several freeholds, and claim by several titles. They cannot, therefore, join *in a writ of right, or in an action of assize: each must have a separate assize for his moiety. Hence, Coke lays it down, that tenants in common shall not join in an ejections jirmce, nor in a writ of ejectment de garcl, or a quaere ejecit infra terminum &c., for these actions concern the right of lands, which are several; but since the introduction of a fictitious lessee, tenants in common have been permitted to join in an action of ejectment, and the practice has been-only to require a fictitious lease 'from each tenant in common. The old rule is already completely evaded by means of the fiction. In opposition to Littleton and Coke, it has long been the established practice to permit tenants in common to join in the mixed action of efec-tione firmae, and when that action has become in form only a mixed action, and in substance a real action, for trying the title of the fee. Having carried the fiction thus far, we ought not now to suffer ourselves to be entangled in this very fiction, and sacrifice substance to form. If two tenants in common are competent to join in the lease or transfer of their joint possession, it is sufficient; and for these reasons we must hold, even in opposition to several authorities, that it has now become immaterial whether *176 tenants in common declare on joint or separate demises ;(a) and accordingly we are of opinion, on all tbe points, tbat the defendant take nothing by his motion.[1]
New trial refused.

 The English decisions do not seem to sanction the full extent of the position in the text, yet they avail themselves of the most trifling circumstance to obviate the formal objection of the demise being joint, when the title is several; therefore payment of one entire rent to the agent of two trustees, appointed at several times, estops the tenant from showing, in an ejectment on a joint demise, that the lessors are tenants in common. Doe v. Grant, 12 East, 221. Though several parceners constitute but one heir, and the entry of one for a condition broken enure to the benefit of all, she may, on her sole demise, recover her own share. Doe v. Pierson, 6 East, 113. For the sole demise of a joint tenant to the plaintiff in ejectment severs the joint tenancy, and entitles to a recovery for the lessor’s proportion. Denne v. Judge, 11 East, 287; Roe v. Lonsdale, 12 East, 39. If all the joint tenants make several demises to the plaintiff, he is entitled to recover the whole, for all the estate is vested in him. Doe v. Read, 12 East, 57.

 As to notices to quit, cases on the subject collated and compared in Jackson v. Miller, 1 Cow. 747. As to tenant at will, see Nichols v. Williams, 8 Cow. 13; Jackson v. Vincent, 4 Wend. 633; Jackson v. Salmon, 4 Wend. 617; Rowan v. Lytle, 11 Wend. 613; Bradley v. Covel, 4 Cow. 349; Phillips v. Covert, 1 J. R. 1; Joes v. Joes, 13 J. R. 235; Young v. Ellis, 13 J. R. 118; Jackson v. Aldrich, 13 J. R. 106; Jackson v. Babcock, 4 J. R. 418; Van Alen v. Rogers, 1 J. C. 33; S. C. 2 C. C. E. 314; Jackson v. Bradt, 2 Cai. R. 169; Jackson v. Wilson, 9 J. R. 267.