The opinion of the court was delivered by
Tilghman, C, J.
Timothy Pickering and others, were the plaintiffs below, and on the trial of the cause, two questions arose, on both of which, the court decided in favour of the plaintiffs. 1. It was contended by the defendants, that having separate titles, ejectments ought to have been brought against them separately. There is no force in this objection, because the defendants have the same right to defend themselves separately, on their respective titles, as if each had been sued separately. The practice has been, to proceed in this manner, when the plaintiff thought proper, although if he pleases, he might bring several actions. As the point was made below, it is proper that the opinion of this court should be expressed, although it has been given up in the argument before us.
The second is the material question. In making out the plaintiff’s title, it appeared, that they were tenants in common, and the declaration setting forth a joint demise from all the plaintiffs, the defendants’ counsel insisted, that the plaintiffs ought not to recover, because the title given in evidence, was inconsistent with *436 the declaration. Although the action of ejectment is founded on a fiction, contrived for the convenience of suitors, yet there is a certain point, where fiction ends, and truth begins. The lease by the lessor of the plaintiff is a fiction; he is therefore not required to prove that such a lease, was actually made. But, it is necessary to show, such an estate as would have given him a right to make the lease set forth in the declaration. Therefore, if it appear, that the title of the lessor of the plaintiff was not vested in him till after the commencement of the lease, he cannot recover. This is a principle, which cannot be denied; so that the question simply is, whether the title set forth in the declaration accords with the title given in evidence. The declaration states, that all the plaintiffs jointly demised the land; the evidence proved, that the plaintiffs had separate interests in the land, and that each had o>nly an undivided pari, consequently, neither of them, had a right to demise the whole. There is no privity between the plaintiffs; the estate of each, is distinct from the other; and they cannot join in a demise, such as is set forth in this declaration. For this, I refer to the cases to be found in Cro. Jac. 166. 1 Show, 342. 1 L. Raym. 504. Run. on Ejectm. 99. (1st Ed.) and The Lessee of Worthington and others v. Weston, 2 Wils. 232. I am aware, that a contrary decision was made by the Supreme Court of New York, in Jackson v. Bradt, (2 Caines, 169.) And my respect for that court, together with my inclination to administer justice unfettered, as much as possible by form, would lead me to support this action, could it be done with any manner of propriety. But it is not a new case in our courts. The law has been considered as settled, and many plaintiffs in the same situation, have been non-prossed on trials at nisiprius. The inconvenience has been felt, and an act of assembly has been passed, which in future, will prevent difficulties of this kind. But this suit was brought before the making of the act of assembly. For us to change the established law, of our own authority, before the statute comes into operation, would be an act of partiality, of which the defendants would have just cause to complain. This was the opinion of our much respected and venerable brother, the late Judge Ye ates, whose long experience had rendered the practice of all the courts of Pennsylvania familiar to him. I agree with him, and am of opinion that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.
N. B. Judge Yeates, concurred in this opinion, but died before it was delivered.