IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT FEBRUARY TERM, 1835.

JOHN DEN ex dem. McEOWEN v. ADAM DRAKE.

Half a year's notice to quit, is necessary in all cases of *uncertain* tenacy whether under the name of tenancies from year to year, or tenancies at will.

All general and undefined tenancies, whether they originate simply by permission of the owner, or where the tenant has entered under a void lease, or been let in pending a treaty for a purchase, or wherever there has been no express agreement between the parties as to the terms of the occupancy, provided the entry was a lawful one, or with the privity and consent of the owner, are now held to be tenancies at will. And all tenancies at will, as well such as are created by grant, or contract, as those which arise by implication, so far at least, as to entitle the tenant to half a year's notice to quit, are constructively held to be tenancies from year to year.

This was an action of ejectment tried at the Sussex circuit in November term, 1832. The facts as proved at the trial, fully appear in the opinion of the court delivered by the chief justice.

*Anderson* and *J. S. Green* for plaintiff.

This is an action of ejectment, and at the trial, a motion for a nonsuit was made on two grounds.

1. Because sufficient notice to quit had not been given to Drake, the defendant.

2. Because the demise was laid on a day prior to the time in which the lessor was entitled to the possession according to the notice to quit.

These two points were reserved, and a verdict for the plaintiff, by consent, subject to the opinion of the court at bar, whether the plaintiff should be permitted to amend, and upon what terms.

1. The demise may be amended after verdict. *Den* v. *Snowhill,* 1 *Green,* 23; *Den* v. *McShane, Ib.* 35.

2. The lessor of the plaintiff was tenant by the curtesy, and entitled to the possession, unless Drake was in under some contract. The only evidence on this point, is the testimony of Rhodes, the surveyor; he says, that the *wife* of McEowen, let the defendant into possession. McEowen never gave any permission.

1. If Drake can be considered at all, as a tenant, he has received sufficient notice. He received what is customary in his own neighborhood. There is no general rule on this point. See 4 *Kent's Com.* 111, *edition of* 1828; he cites, 2 *Pick.* 70; 17 *Mass.* 287.

2. Drake, the defendant, was no tenant; he was in by no consent of McEowen; he was a *mere occupier,* and entitled to no notice to quit. 2 *Caines Rep.* 169; 4 *Kent's Com.* 112.

If this be so, then the notice served, was unnecessary; and the objection to the demise fails. Where the relation of landlord and tenant does not subsist, no notice to quit is necessary. 3 *John.* 422.

*G. K. Drake* for the defendant.

It appears by the state of the case, that the defendant had occupied the land in question, (about fifteen or twenty acres,) for the period of sixteen or eighteen years; that he married a daughter of Mrs. McEowen, and was put in possession, either by Nathaniel Hart, Mrs. McEowen, or the lessor of the

plaintiff, who successively had the right to do so; (and it is, upon the facts disclosed in the case, and especially of the acquiescence of the latter, living close by as he did, of no importance which gave the permission in the first instance;) the land was of but little value when he went on it; stony, untillable, and covered with scrub oaks. Defendant built on it two houses in succession; fenced it, and gave it what value it now has. On the 31st day of December, 1831, or *within a day or two after,* a notice was served on him to quit on the 10th of April, 1832. The 1st of April is the usual time when leases of lands commence, and tenants take possession of lands, in that neighborhood.

Upon the facts, the plaintiff is not entitled to recover, because,

First, there should be notice to quit.

This is not a case of pure tenancy at will, so that a mere demand of possession, without reference to the time of year, is sufficient. The occupation was *by permission, long continued; valuable improvements* were made by the defendant; all of which was evidently contemplated between the parties; (for Drake was a connexion, and his wife may inherit the land,) Such circumstances entitle him to the protection of the notice to quit, considered reasonable in cases of tenancy from year to year. And such is the nature of this tenancy. The doctrine is very distinctly laid down in *Adams on Eject.* 103-4-7, &c. *edition of* 1821; showing not only that a *general occupation* of lands creates this tenancy, but also the nature of the *few* cases of tenancy at will, that occur in modern times. Judge Kent is also explicit on this subject. 4 *Kent's Com.* 110, &c. See also, *Den* v. *Macky,* 1 *Penn.* 420, and *Den* v. *De Pue,* 6 *Halst.* 409. The case in Pennington, shows, that the judge's opinion was, that notice to quit should be given, as in case of tenancy from year to year; as he speaks of the *season* of the year. See also, 1 *John.* 322; 2 *do.* 75, 444; 2 *Serg. & Rawle,* 48.

Second, the notice is for too short a time.

If this be a case of tenancy from year to year, the notice to quit should be for six calendar months. This was settled as early as the time of Henry VIII. (See *Adams* and *Kent,* as before cited.) It is part of the *common law* adopted in New Jersey; the principles of which should not be departed from un-

less by legislation, or unless *clearly* inapplicable to our circumstances. An uncertain practice, or doubtful expediency, is not sufficient to abrogate it in any case.  1 *Bl. Com.* 70 ; 1 *South.* 1, *Ferris* v. *Saxton ;* 3 *Marsh, Ky. Rep.* 18, *Squires* v. *Huff.*

And three months is not reasonable notice ; for the farmer wants from October to January, while the quality of lands may be judged of, to find a new location. If he only gets notice in January, he is subjected to great disadvantages in that matter, and he may be so much delayed in finding a new farm, as to lose all opportunity of providing firewood for summer, rails for fencing, limestone, &c. ; and making other necessary preparations for his summer's work.

Third, the notice is to quit at an improper time.

If three months should be deemed sufficient, still the notice should have been for the *first* of April. It might as well have been the 10th of *July*, as the 10th of *April*. The time of commencing the actual tenancy not appearing, the notice to quit should be for the time of the usual termination of leases in that part of the country. *Adams* 132-3-7. If the notice had been for the first of April, the proof of a three months' notice would have been defective.

Fourth, if the above points of defence, should be held insufficient, yet there remains another, that is, the *error in the demise.* The demise and ouster are laid in January, 1832. Upon the plaintiff's own principles, he had no right of entry until the 10th of April ; and the defendant could not be treated as a trespasser until that time. The demise is wrong, and not in a matter merely technical. Had judgment been taken by default on that demise, that record would have been *conclusive* in the subsequent action for mesne profits, and the defendant could be obliged to pay for withholding, as a trespasser, before he could possibly be viewed in that light. 2 *Burr.* 667 ; 3 *John.* 481 ; *Adams,* 335-6, *and in notes.* This shows that if the defendant had no other ground of defence, still he did right, and his counsel did right, to advise him to defend the action. And the plaintiff should have been nonsuited. *Jackson* v. *Wheeler,* 6 *John.* 272 ; 4 *Term,* 680 ; 8 *East.* 210, &c.

The nonsuit was moved, and not refused, but the point reserved. The defendant stands on the same ground he held at

the circuit. The court at bar, should do what is equitable between the parties. Perhaps under the late liberal extension of the power to amend, it may be exercised in this case. But it surely should not be permitted, except on payment of costs to the defendant. *Den* v. *Hull*, 4 *Halst.* 277.

HORNBLOWER, C. J. This cause was tried at the circuit in Sussex county, in November, 1832, before Mr. Justice Drake. When the plaintiff rested his evidence, a motion for a nonsuit was made on two grounds. First, because the plaintiff had not given to the defendant, a reasonable and sufficient notice to quit, &c. And secondly, because the demise was laid on a day, prior to the period when the lessors right to enter, accrued.

By agreement of the parties, a verdict was taken for the plaintiff, subject to the opinion of the court upon the points above stated, and reserving to the plaintiff, a right to move for leave to amend his declaration in the particular complained of, if the court should think it defective in that respect.

The premises in question consist of a small part of a farm or tract of land which belonged to the wife of the lessor of the plaintiff, before her marriage to him. The defendant, who was her son-in-law, having married her daughter by a former husband, was put in possession of the premises, by her, after her marriage with the lessor of the plaintiff, with his knowledge, and at least *impliedly*, with his consent. At the time of the trial, the defendant had been in possession sixteen or eighteen years. His mother-in-law, having died, the lessor of the plaintiff became entitled to the farm, as tenant by the curtesy, and on or about the 31st December, 1831, gave the defendant notice to quit on the 10th of April, then next ensuing.

If, under these, circumstances, the defendant was entitled to a notice to quit, then upon the authority of *Den* v. *McShane*, 1 *Green*, 35, and the cases there cited, the plaintiff ought to have been nonsuited, on the ground that he had declared on a demise of the premises, made anterior to his lessor's right of entry upon the possession of the defendant. For, admitting the notice to have been a reasonable and sufficient one, yet the lessor of the plaintiff had no right to enter and make a lease, until after the expiration of the time limited in the notice to quit.

Den *v.* Drake.

*Birch* v. *Wright*, 1 *T. R.* 383; *Goodtitle* v. *Herbert*, 4 *T. R.* 680. If, however, this was the only difficulty the plaintiff had to encounter, he might still prevail in this suit. By the terms of the case, he has a right to apply to this court, for leave to amend; and indeed without such stipulation, we would, upon the authority of the case just cited, and that of *Den* v. *Snowhill*, 1 *Green* 23, sustain such a motion, though I think if granted, it ought to be on payment of costs.

But secondly, was the defendant, under the circumstances of this case, entitled to notice; and if so, was the notice given, a reasonable and sufficient one?

In order to answer this question, we are called upon to determine, not only what is *reasonable* notice to quit, where such notice is required by the rules of law, but whether in a case like the one before us, a defendant is entitled to such notice.

The doctrine of notices to quit, has been recognized ever since the time of Henry VIII.; and is to be found in the year books. 13 *Hen.* 8, 15 *b.* See *Right* v. *Darby*, 1 *T. R.* 159; 2 *Bl. Com.* 147; *Doe* v. *Watts*, 7 *T. R.* 83, 85; *Doe* v. *Daggett*, 2 *Bl. Rep.* 1224; 4 *Kent's Com.* 1st ed. 110; *Ellis* v. *Paige*, 2 *Pick. Rep.* 71; *Adams on Eject.* ed. of 1821, 103; *Ibid.* 129, and *Comyn on land. & ten. by Chilton*, 2d ed. 303; *Brown* v. *Van Horne*, 1 *Bin. Rep.* 334, *in note.*

These, and numerous other books and cases, shew that the ancient rule of the common law, required that the notice, when necessary, and not otherwise limited by agreement of the parties, should be for half a year, or six calendar months, expiring at the end of the current year of the tenancy; and that a notice expiring at any other period, sooner or later, will not be sufficient.

This, then, being the common law rule, it must prevail in New Jersey, unless by some act of the legislature, or by a course of decisions to the contrary, it has been abrogated or modified. But no such act has been passed, nor do I find in our state reports, or remember while at the bar, any case definitely settling what shall be deemed reasonable notice in this state.

It is conceded, that in the case of tenancies from year to year, such a notice is indispensable; but it is insisted that the

Den *v.* Drake.

defendant was not a tenant for years ; that at most he was a tenant at will, and that such a tenant is not entitled to a regular notice to quit.

It must be admitted, that the occupancy of the defendant, was only a permissive one ; not falling strictly within the legal and technical description of any particular tenancy known at the common law. No rent was reserved, demanded or expected. On the contrary, it appears from the evidence, he was put into possession by his mother-in-law, because he was not able to pay rent. No stipulations were made on the one side or the other. It was a pure benevolence on the part of the owner, and received as a gratuity by the defendant. He improved the land, it is true ; but he did so for his own comfort, and not by way of compensation to the owner. In short, there was no circumstance, from which the relation of landlord and tenant, could be presumed or implied. But what then ? Shall he now be treated as a trespasser ; evicted without notice ; punished with costs ; exposed to the loss of his crops, and moreover, be subjected to damages for the mesne profits ? Every principle of justice and humanity, forbids it ; and the law of the land, in my opinion, affords him ample protection from such an act of oppression.

An estate at will, in the primary and technical sense of that expression, was created by grant or contract, whereby one man lets lands to another to hold, at the will of the lessor. *Litt. sec.* 28 ; 4 *Kent's Com.* 100, 1*st ed.*

Whether *such* a tenant at will, was originally entitled to half a year's notice to quit, it is not now necessary to determine ; since, by a long course of judicial decisions, the *old* estates at will, for the purpose at least, of entitling the tenant to such a notice, have been constructively held to be tenancies from year to year, 4 *Kent's Com.* 111, 112, 1*st. ed.*

In *Parker* v. *Constable*, 3 *Wils. Rep.* 25, it was said, *per tot. cur.* "it has not been doubted of late years, and is *now resolved*, in this case, that half a year's notice to quit, must be given to a tenant at will, before the end of which time, an ejectment will not lie." And it is there stated, that the same point had been resolved by the court of B. R. in the case of *Fasher* v. *Burr*, in *East. Ter.* 6, or 7 *Geo.* III. Mr. Christian, in his notes,

Vol. II.—34

2 *Bl. Com.* 147, 149, says, " a lease at will, being now considered a lease from year to year," cannot be vacated, without half a year's notice to quit. To the same effect are the cases of *Maddon* v. *White, & al.* 2 *T. R.* 159, *Doe* v. *Rigge*, 5 *T. R.* 471 ; and *Doe* v. *Browne*, 8 *East.* 165 ; *Right* v. *Darby*, 1 *T. R.* 159. In *Phillips* v. *Covert*, 7 *John. Rep.* 4, Kent, chief justice, said, " tenancies at will, are now held to be estates from year to year, merely for the sake of a notice to quit; as to every other purpose, they are regarded as mere tenancies at will ; and in *Bradley* v. *Covell*, 4 *Cowen Rep.* 399, the Supreme Court of New York, strongly illustrated this rule, by holding that though the three months' notice, which had been given in that case, terminated the estate at will, and put an end to the tenant's interest ; yet that the plaintiff could not recover in ejectment, without giving the tenant six months notice to quit. And in *Nicholas* v. *Williams*, 8 *Cowen Rep.* 13, this rule was again recognized.

But it is insisted, that these constructive tenancies from year to year, succeeded *only* to the *old* conventional tenancies at will, in which rent was reserved ; or at least, the relation of landlord and tenant existed between the parties. Whereas, in the present case, no rent was reserved, and no circumstance had been proved, from which the relation of landlord and tenant could be inferred.

In support of this objection, we have urged upon us, the language of Mr. Adams, in his treatise on ejectment, *page* 114, *ed. of* 1821, that " a mere permission by the owner, to occupy the premises, *will not* be sufficient, under *any* circumstances, to create a tenancy, requiring a notice to quit." And we are also referred to the judgment of the court, delivered by chief justice Kent, in *Jackson* v. *Bradt*, 2 *Caines Rep.* 169, 174. In that case, as in the one now before us, the defendant had been placed on the land, without any terms prescribed, or rent reserved ; he was held to be a mere occupant, " strictly a tenant at will," and therefore, not entitled to notice.

It is supposed by counsel, that the learned judge who delivered the opinion of the court in *Jackson* v. *Bradt*, adheres to the doctrine there laid down, because in his valuable commentaries, 4 *vol.* 112, 1*st ed.* he refers to that case, and repeats the senti-

Den *v.* Drake.

ment, that "a *strict* tenant at will, in the primary sense of that tenancy, is not entitled to a notice to quit."

But this supposition, is so irreconcileable with the general scope of the author's remarks upon the subject in question, with what he said in *Phillips* v. *Covert*, 7 *Johns. Rep.* 4, and the unqualified approbation with which he cites the learned and conclusive opinion of Justice Putnam, in *Ellis* v. *Paige*, 2 *Pick. Rep.* 71 *in note*, establishing a contrary doctrine, that I cannot yield to the suggestion. If any doubt, however, remains as to the commentator's opinion upon the point under discussion, it will be removed by an examination of the cases decided by the Su preme Court of New York, subsequently to that of *Jackson* v. *Bradt*, and while he remained on the bench, some of which I shall presently refer to.

There is, no doubt, but the relation of landlord and tenant, lay at the foundation of the rule, requiring notice to quit; and that the reservation of rent, was the leading circumstance upon which leases for uncertain terms, were held to be leases for years. *Roe* v. *Lees*, 2 *W. Bl.* 1171, 1173 ; 2 *Bl. Com.* 147. But the equity of the rule has long since and repeatedly been extended to cases where not the slightest evidence of the reservation of rent, or the relation of landlord and tenant existed between the parties. The courts, while they have anxiously sought for some circumstance, from which the duties and obligations of landlords and tenants, might be inferred, have, in effect, broken down the rule requiring the existence of such a relation. The truth of this remark, and the prevailing disposition of the courts in England, to bring tenants within the principles entitling them to notice, may be seen by consulting the following cases, among others: viz. *Doe* v. *Watts*, 7 *T. R.* 86 ; *Right* v. *Beard*, 13 *East. Rep.* 210 ; *Doe* v. *Jackson*, 1 *Barn. & Cress.* 448 ; *Doe* v. *Nelson*, 2 *Esp, N. P. cas.* 530 ; *Doe* v. *Bell*, 5 *T. R.* 470 ; *Clayton* v. *Blakely*, 8 *T. R.* 3 ; *Doe* v. *Porter*, 3 *T. R.* 13.

From these and other English, as well as American decisions, (some of which I shall cite,) the principle may be deduced, that all general and undefined tenancies, whether they originate, simply by permission of the owner, or when the tenant has entered under a void lease, or been let in pending a

treaty for a purchase ; or wherever there has been no express agreement between the parties as to the terms of the occupancy ; provided the entry was a lawful one, or with the privity and consent of the owner, are now held to be tenancies at will ; and all tenancies at will, as well such as are created by grant, or contract, as those which arise by implication, so far at least, as to entitle the tenant to half a year's notice to quit, are constructively held to be tenancies from year to year. In this qualified sense therefore, it may now confidently be said, that a tenant at will, is entitled to a notice to quit. In perfect conformity with this view of the subject, Chancellor Kent, says, " estates at will, in the strict sense, have become almost extinguished under the operation of judicial decisions." " Such estates are said to exist only notionally, and where no certain term is agreed on, they are construed to be tenancies from year to year ; " and again, " all general tenancies, are constructively, tenancies from year to year." 4 *Kent's Com.* 110, *1st ed.*

The Supreme Court of New York, as I have before intimated, have in several instances, with the approbation of the author just cited, virtually overruled the doctrine expressed in *Jackson* v. *Bradt.*

In *Jackson* v. *Laughhead,* 2 *Johns. Rep.* 75, that court held that a mortgagor in possession, was entitled to a notice to quit, considering him for that purpose, *quasi tenant at will,* as the court afterwards expressed themselves in *Jackson* v. *Deyo,* 3 *Johns. Rep.* 422. Livingston, justice, who delivered the opinion of the court, in *Jackson* v. *Laughhead,* said, " without entering into any nice disquisitions of the rights and duties of particular tenants, I am ready to say, that no person who holds lands by another's consent, *for an indefinite* period, ought ever to be evicted, by ejectment, at the suit of such party, without a previous notice to quit ; " and he adds, " such notice to be reasonable, should be six calendar months." The sentiments expressed by justice Livingston, had before that time been fully adopted by the court in the case of *Jackson* v. *Bryan,* 1 *Johns. Rep.* 322. A, had entered upon the land of B, with his permission, as a mere occupier, without any reservation of rent. He made improvements, and then transferred his possession to C. The owner of the land, afterwards conveyed it to D, who

Den *v.* Drake.

brought an ejectment against C; and it was held, that the tenant was entitled to a notice to quit. The case of *Jackson* v. *Wheeler*, 6 *Johns. Rep.* 272, is almost identical with the last in point of fact, and the decision was to the same effect.

Nor are we without some precedent and authority in our own court, upon this subject. The case of *Den* v. *Van Campen*, 6 *Halst. Rep.* 409, is much like the present. The defendant had been a mere permissive occupant, paying no rent, for more than twenty years; and this court held, that he was entitled to a notice to quit, or at least a demand of possession. The same principle was adopted by Mr. Justice Pennington, in the case *Mackey* v. *Mackey*, tried before him at the Sussex circuit, and reported in 1 *Penn. Rep.* 420. It is true, in neither of those cases, was it decided that six months or half a year's notice, was necessary; that point seems not to have been considered. But where notice to quit is required, the common law rule must prevail. In the state of Massachusetts, too, this question has undergone some discussion; but has probably been put at rest, by the very lucid and convincing argument of Justice Putnam, in the case of *Ellis* v. *Paige*, reported in 2 *Pick. Rep.* 71, *in note.*

After a very elaborate and thorough examination of the authorities, and a broad view of the whole subject, that learned judge came to the conclusion, that as well upon the immutable principles of justice, as the settled rules of the common law, half a year's notice to quit is necessary in all cases of *uncertain* tenancy, whether under the name of tenancies from year to year, or tenancies at will. Such is also, my opinion; and a nonsuit ought to be entered.*

FORD, J. concurred.

RYERSON, J. gave no opinion; having been of counsel in the cause.

OVERRULED in *Den* v. *Westbook*, 3 *Gr.* 372; CITED in *Den* v. *Blair*, 3 *Gr.* 182; *Den.* v. *Green*, Spencer, 172; *Thackery* v. *Cheesman*, 3 *Harr.* 2; *Den* v. *Snowhill*, 3 *Zab.* 457: *Van Valkenburgh* v. *Rahway Bank*, 3 *Zab.* 588; *Mor. Can. & Bkg. Co.* v. *Mitchel*, 2 *Vr.* 104; *State* v. *Haight*, 2 *Vr.* 399.

* Since pronouncing the foregoing opinion, the chief justice has had the satisfaction of ascertaining, in a manner that fully authorises him to state the fact, that he has not misapprehended the views of Chancellor Kent, on the question of notice; and that the case of *Jackson* v. *Bradt*, so far as it denies to a strict tenant at will, the right of a notice to quit, has been overruled with his approbation.