JACKSON, *ex dem.* PHILLIPS, *against* ALDRICH.

Where A. conveys land to B., and B. conveys the same land to C., but A. still continues in possession, C. may bring an action of ejectment against A. without giving him notice to quit; there being no relation of landlord and tenant subsisting between them.

THIS was an action of ejectment, for land in the town of *Cornwall*, in the county of *Orange*, and was tried before the chief justice, at the *Orange* circuit, in *September*, 1815.

The plaintiff, at the trial, produced a deed for the premises in question, from *Silas Aldrich*, the defendant, to *Harry Garrison*, dated *May* 10th, 1802, and a deed from *Garrison* to the lessor of the plaintiff, dated *May* 1st, 1802. It was admitted that the defendant had been in possession from the date of the first-mentioned deed, and was still in possession;

On the part of the defendant, *William Townsend* and *Samuel M'Coun* deposed, that they were referees appointed by a rule of the supreme court, in a suit brought by the defendant against *Harry Garrison;* that the referees met and heard the cause, and made their report in *September,* 1814; that, upon the hearing, *Aldrich* having established a considerable demand against *Garrison,* the latter, by way of set-off, demanded rent from *Aldrich,* as his tenant, and having established his right to that charge, to the satisfaction of the referees, they allowed him, by way of set-off, rent for the premises in question up to the time of making their report. On this testimony, the defendant insisted, that being the tenant of *Garrison,* and so of his grantee, he was entitled to notice to quit. But the chief justice being of opinion that the defendant was not entitled to notice to quit, the jury, pursuant to his direction, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Burr,* for the defendant.

*Storey,* contra.

THOMPSON, Ch. J., delivered the opinion of the court.

In *May,* 1802, the defendant conveyed the premises in question to *Harry Garrison,* who, in *May,* 1812, conveyed the same to the lessor of the plaintiff. The defendant has continued in possession ever since his conveyance to *Garrison;* but how, or in what character, does not appear. It is now contended that he is entitled to notice to quit.

Whatever appears in the case, relative to a claim for rent by *Garrison,* after he conveyed the premises to the lessor of the plaintiff, must be entirely laid out of view. For it is a proposition that cannot be questioned, that a grantor cannot, after the execution of his deed, lawfully do any act to prejudice the rights of his grantee. Nor are any declarations, confessions, or admissions of his to be admitted against the grantee. Suppose the proof offered had been that *Garrison,* after his conveyance, acknowledged that the defendant was his tenant. This, clearly, would not have been admissible. And if he would not be allowed to say this directly, to the prejudice of his grantee, he certainly will not be allowed to say the same thing indirectly.

The lessor was no party to that claim for rent, and what appears a little extraordinary is, that *Garrison* claimed and recovered rent for two years after he had sold the land. Rejecting, then, every thing in relation to the rent, the case rests upon the naked fact, that the defendant continued in possession after he conveyed the land to *Garrison*, without the least evidence whatever that the lessor of the plaintiff even knew that he was there, until he brought the present action against him.

It is unnecessary to travel over all the cases that have been before this court on the question of notice to quit. It may, I think, be taken for granted, that the doctrine has already been pushed far enough. To extend it to the case before us would, in my apprehension, be going much farther than we have yet gone. The principle upon which this question turns, is laid down in *Jackson* v. *Deyo*; (3 *Johns. Rep.* 422.;) the court there say, expressly, that it never has been decided that a notice to quit was necessary, unless where the relation of landlord and tenant existed. This was the principle which governed the case of *Jackson* v. *Bryan*, (1 *Johns. Rep.* 322,) which is, perhaps, as strong a case as is to be found in favour of the doctrine. Yet, in that case, it was put upon the ground that there was a tenancy from year to year, which was inferred from the special circumstances of the case; which, among other things, were, that possession was, originally, taken by the express permission of the owner of the land, accompanied with a promise to pay for improvements.

The cases which have been decided in this court, en ejectments by mortgagees, will serve further to illustrate this principle. In *Jackson* v. *Longhead*, (2 *Johns. Rep.* 75.,) where the action was by the mortgagee against the mortgagor, notice to quit was deemed necessary, because there was a privity of contract as well as of estate, and a kind of tenancy existed, but what kind is not stated. It could not have been any thing more than a tenancy at will; and, therefore, in *Jackson* v. *Fuller*, (4 *Johns. Rep.* 215.,) where the action was by the mortgagee against the purchaser of the interest of the mortgagor, no notice to quit was deemed necessary; because the purchaser was a stranger to the contract between the mortgagor and mortgagee; and there was no privity of contract or estate. If this had been an action by *Garrison* himself, it would be very difficult to maintain, upon any principles heretofore settled, that he would have been bound to give notice to quit. There was, certainly, no relation of landlord

and tenant created by any express agreement; and to presume such relation from the naked fact, that the defendant continued in possession, would be carrying the doctrine of presumption beyond what, in my judgment, the rules of law will warrant.

It may be said, that an action for use and occupation would have lain by *Garrison* against the defendant, and that this furnishes the *test*, with respect to notice to quit. This, certainly, cannot be the *test*, for it cannot be pretended that a mortgagee can maintain an action for use and occupation against a mortgagor, yet he is bound to give him notice to quit. But no action for use and occupation could have been maintained by *Garrison*. In the case of *Smith* v. *Stewart*, (6 *Johns. Rep.* 46.,) it is said, by this court, that the statute which gives this action, applies only to the case of a *demise*, and where there exists the relation of *landlord* and *tenant*, founded on some *agreement* creating that relation. But where, it may be asked, is the evidence of any such an agreement? Why presume an agreement for a lease, rather than any other contract? The mere fact of a twelve years' possession, without the payment, or even claim of rent, would more naturally lead to the conclusion of a reconveyance by *Garrison*, or that his title had been, in some way, extinguished. It is irrational, and against the usual course of dealing between landlord and tenant, to permit such a length of time to elapse without payment or claim of rent. It is true, where there has been a lease which has expired, and, by the consent of both parties, the tenant continues in possession afterwards, the law will imply a tacit renovation of the contract, and a tenancy from year to year is created by implication. (1 *Term Rep.* 162.) But, in such cases, there is something from which a continuance of the lease may reasonably be presumed, the prior relation of landlord and tenant having been expressly shown. In the case before us, no foundation is laid for any such presumption. The utmost that could be claimed by the defendant, against *Garrison*, would be a tenancy at will; and this relationship was determined by the sale to the lessor of the plaintiff. A tenancy at will is at the will of both parties, landlord and tenant, and either may determine his will, and quit his connexion with the other, whenever he pleases. This may be done on the part of the landlord, either by express declaration, or by the exercise of any act of ownership which is inconsistent with the nature of such estate. (1 *Cruise,* 273.)

ALBANY,
January, 1816.

JACKSON
v.
ALDRICH.

The observation which fell from Lord *Mansfield*, in *Timmins* v. *Rowlison*, (3 *Burr.* 1609.,) that leases at will, in the strict legal notion of a lease at will, exist only notionally, has by some been construed into the expression of an opinion that no such estates existed at this day. This, I apprehend, is a mistaken interpretation of his lordship's meaning. The construction given by Mr. *Hargrave* (*Co. Lit.* 55. *a.* n. 3.) is undoubtedly the true one : "This observation," he says, "means not that estates at will may not arise now as well as formerly, but only that it is no longer usual *to create such estates by express words*." (1 *Johns. Rep.* 324., and cases there cited.)

I think I have shown that the case furnishes no evidence that the defendant was tenant, from year to year, to *Garrison*; and admitting him to have been a tenant at will, even as against *Garrison*, he is not entitled to notice to quit. That right is lost by the sale, by *Garrison*, to the lessor of the plaintiff; and there is no ground upon which he can be required to give any such notice. The motion for a new trial must, accordingly, be denied.

SPENCER, J., dissented. I cannot yield my assent to the opinion of the court. The plaintiff ought either to have been nonsuited, for the want of notice to quit, or, at all events, the point should have been submitted to the jury, to decide whether, from the facts, the defendant was not in possession as a tenant to the lessor of the plaintiff. (10 *East*, 261.)

The defendant, in 1802, conveyed the premises to *H. Garrison*, who, in 1812, conveyed to *Phillips*. The defendant retained the possession from the time he so conveyed until the trial. These facts are conclusive, in my judgment, to show, that the defendant's possession was not, and could not be, adverse to *Garrison*, but that he occupied by his implied permission and consent. Could not *Garrison* recover against the defendant, for use and occupation, under the 31st section of the act concerning distresses, &c. ? (1 *R. L.* 444.) I think it does not admit of doubt that he could.

Since the statute, an express as well as an implied agreement, on the one side, to let, and on the other, to take and hold, will support an action for use and occupation. In the present case, the defendant conveys the premises to *Garrison*, and retains possession; most manifestly, it must be with *Garrison's* consent;

and, if so, the law confers the right of demanding rent. The alienation by *Garrison* to *Phillips*, did not change the relation in which the defendant stood; *Phillips* succeeded to *Garrison's* rights and situation. (1 *Term R.* 387. 1 *Johns. Rep.* 332., *Jackson* v. *Bryan.*)

ALBANY, January, 1816.

JACKSON v. ALDRICH.

It follows that, if *Garrison* could not maintain an ejectment without notice to quit, his grantee could not.

I shall not travel through all the cases upon the subject of notices to quit; it is now the settled law, both in the *English* courts and in this court, that wherever the relation of landlord and tenant exists, or whenever it can be shown that the defendant entered lawfully into possession, and by the permission of the owner, and has done no act hostile to him, he cannot be treated as a trespasser, and subjected to an action of ejectment, without notice to quit, or a demand of the possession. (13 *East,* 210. 9 *Johns. Rep.* 330. 269. 10 *Johns. Rep.* 335. 7 *Term R.* 83.)

It is unnecessary, in this case, to go further than to say the defendant was in possession, with the implied consent of *Garrison*. It would not be difficult to maintain, that he was in as tenant from year to year, and was entitled to six months' notice to quit.

There is nothing unreasonable in the doctrine of notice to quit. The rights of the landlord are not in the least impaired by requiring it, whilst tenants are not to be treated as trespassers, and subjected to costs, without any fault on their part.

Motion denied.