Judge Marshall
delivered the Opinion of the Court.
To an action by petition and summons, brought by Hall, as assignee of Howell, against Southard, on a note for two hundred dollars, “borrowed this 24th April, 1828,” Southard, having taken oyer of the note, pleaded, among other things, that Howell, in his lifetime, viz. on the 23rd of August, 1826, was indebted to him in a larger sum, viz. in the sum of eight thousand ninety three dollars and fifty cents &c. by the consideration and judgment of the Oldham Circuit Court, rendered on the 23rd of August, 1826; and that said judgment was and still is unpaid, unsatisfied, unrevcrsed, &c. as will more fully appear by the record of said court, &c. To this plea, the plaintiff replied, that Howell, in his lifetime, had fully paid and satisfied the said judgment; and issue was joined upon that point.
A verdict and judgment were rendered for the plaintiff'; and this Court is called upon to revise various opinions and decisions of the Circuit Judge, presented in the defendant’s bills of exceptions.
On the trial of the cause, there being no other evidence before the jury, hut the note and the assignment i m- J •A ■ ° thereon; the Circuit Court, at the instance of the plain *60 tiff, instructed the jury, that the fact that the note sued on (from Southard to Howell,) was executed after the rendition of the judgment in the plea mentioned, was presumptive evidence that the judgment was satisfied and discharged by Howell, in his lifetime; and that, in the absence of opposing testimony, they might, upon such testimony, find for the plaintiff.
Instructions to a jury, that a fact, on which they should be left free to draw their own conclusion, is ‘ presumptive evidence’ —‘ in the absence of other testimony’ and ‘upon which they may find for tfaa plaintiff, not adding, that they may find for the def’t. — are erroneous, as not consistent with law; orfor ambiguity that might mislead a jury.
*60 The principal question now to be determined is whether the court erred in giving this instruction.
The instruction, we think, cannot be sustained. The judgment itself was record evidence of the debt, and the absence of any direct proof, by the record or otherwise, of its'having been satisfied, furnishes at least, as good ground for inferring that it never was in fact satisfied, as the subsequent execution of a note for a smaller sum, by the plaintiff in the judgment to the defendant, furnishes for inferring the contrary. Admitting that the existence of such a note is a fact from which a jury might infer, that the judgment had been previously satisfied, it certainly is not a fact from which they are bound to draw such an inference. The law has not undertaken to decide, that there is any inconsistency between the two facts involved, viz. the execution of the note by the judgment creditor to the debtor, and the continued existence of the debt evidenced by the judgment. It certainly does not assume that there is such inconsistency between these two facts, as that proof of the former shall amount to disproof of the latter. The law has established no inference from such a fact; but leaves it to be drawn on the one side, or the other, according to the judgment of those who have to determine the fact,
If then it be admitted, that the inference that the judgment against Howell had been satisfied, is allowable at all, from the isolated fact that after its rendition, Southard executed a note for a smaller sum to the defendant in that judgment, still it is certain, that the instruction on this point should not have gone farther than to let the jury know, that they were at liberty to draw this inference, or not, according to their own judgment, and that if they did draw it, they might or should in the ab *61 sence of other testimony find for the plaintiff. But we think the instruction given did not leave the jury thus at liberty. When the judge told the jury, that the execution of the note after the judgment, was presumptive evidence that the judgment had been satisfied, he assumed to decide, as matter of law, what the law does not decide; and thus withdrew from the jury a matter, not of law, but of fact, which it was their peculiar and exclusive province to decide. If, as the instruction assumes, the execution of the note after the rendition of the judgment, was presumptive evidence of the satisfaction of the judgment, the jury were bound, in the absence of other testimony, to find for the plaintiff, who maintained that fact; and telling them, in addition, as the Judge did, that they might find for the plaintiff, if there were no other testimony, was not equivalent to informing them also, that they might find against him. The jury was thus concluded as to the whole case by the instruction, and that upon the erroneous assumption, that, as a matter of law, the execution of the note was evidence of the satisfaction of the judgment. If this is not the proper construction to be given to the instruction, it was delusive, and on that ground improper.
This court cannot say there was error in rejecting a record offered as evidence, when the record here does not identify the one copied, as the one offered.
There is no error in rejecting a record offered entire, when a portion of it is inadmissible.
In the refusal of the court to admit the record of the Oldham Circuit Court as evidence in support of the defendant’s plea, we cannot say there was any error: first — because the record offered is not identified in the record before us; and, second — taking it to be that which is in the record before us, so much of it as relates to the scire facias and other proceedings after the assignment of the note, was inadmissible; and as it was offered entire, and was not admissible as offered, there was no error in rejecting it. So much of the record as showed the judgment and proceedings thereon before the assignment of the note sued on, was admissible against the assignee.
For the error of the Circuit Court in giving the instruction to the jury herein noticed, the judgment is reversed, and the cause remanded for a new trial.