Post v. Post.

---

## POST *vs.* POST.

Where the plaintiff, on the 1st September, 1837, demised premises to the defendant *for and during the will and pleasure of the plaintiff*, and on the 12th of February, 1852, he caused a notice in writing to be served on the tenant, requiring him to remove from and quit the premises within one month after service of such notice; *Held*, that this was strictly a case of tenancy at will, falling within the letter as well as the spirit of the statute; and that the landlord had a right to give a month's notice to quit, at any time, and to commence summary proceedings before a justice, for the removal of the tenant, immediately after the expiration of the notice.

THIS was a summary proceeding to remove the defendant, as tenant. It was commenced before a justice of the peace under the act of April 3, 1849, (*Laws of* 1849, *p.* 291.) The affidavit of the landlord, amongst other things, stated " that he, on the 1st September, 1837, demised the premises in question to the defendant *for and during the will and pleasure*" of the landlord; that on the 12th February, 1852, he caused a notice in writing to be served on the defendant, requiring him to remove from and quit the premises within one month after service of said notice. The affidavit stated that the defendant did not quit the said premises, but continued in possession. These proceedings were not instituted until after the expiration of the time mentioned in the notice.

The defendant put in a counter affidavit, and the cause was tried without a jury. The only question made by the defendant's affidavit, on this appeal, was, that the notice did not

terminate the tenancy, so as to entitle the landlord to possession, because the thirty days mentioned in the notice did not coincide with the end of the year of the defendant's tenancy. He insisted that it should have ended in September and not in March. The justice gave judgment for the landlord, and the defendant appealed to the county court. The appeal was certified to this court by the county judge, under the amended judiciary act of 1847.

*E. F. Bullard,* for the appellant.

*J. B. McKean,* for the respondent.

WILLARD, P. J.   The revised statutes, (2 *R. S.* 512,) as amended by the act of 1849, (*Laws of* 1849, *p.* 291,) permit " a tenant or lessee *at will,* or at sufferance, or for any part of a year, *or for one or more years,*" &c. to be removed in a summary manner, as therein prescribed. The 28th section as amended provides for the removal of four classes of tenants : 1. When the tenant shall hold over after the expiration of his term, without the permission of his landlord.   2. When he shall hold over without permission, after non-payment of rent, and a demand or three days notice in writing requiring such payment, &c.   3. When a tenant for three years or less shall have taken the benefit of any insolvent act.   4. And where he shall hold over real estate sold under an execution against him, after a title under the sale shall have been perfected.   The 7th section of title 4, ch. 1, of part 2d of the revised statutes, (vol. 1, 745,) provides, that whenever there is a tenancy at will, or by sufferance created by the tenant's holding over his term, or otherwise, the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove therefrom. The 9th section enacts that, at the expiration of one month from the service of such notice, the landlord may re-enter, or maintain ejectment, or proceed in the manner prescribed by law to remove such tenant, *without any further or other notice to quit.*

The statute obviously draws a distinction between a tenancy at will, and a tenancy from year to year. In the latter case, no notice to quit is necessary in this proceeding, as was held by the court in *Nichols* v. *Williams*, (8 *Cowen*, 13, 15.) The present case was not a tenancy from year to year; if it had been, no notice would have been required; but, in that case, the proceedings could not have been instituted until after the expiration the year. It was a case, as plainly appears by the affidavit, of a conventional tenancy at will, without any stipulation for the payment of rent. It was observed by Kent, J. in *Jackson* v. *Bradt*, (2 *Caines*, 174,) that the reservation of an annual rent, is the leading circumstance that turns leases for uncertain terms, into leases from year to year. (*See also* 4 *Kent's Com.* 113, 114.)

It being then strictly a case of tenancy at will, it falls within the letter as well as spirit of the act; and the landlord was entitled to give a month's notice to quit at any time, and to com-commence these summary proceedings, immediately after the expiration of that notice. (1 *R. S.* 745, §§ 7 *and* 9.)

The judgment of the justice must be affirmed.

HAND, J. This cause is certified to us by the county judge of Saratoga county, under the 31st section of the amended judiciary act. No point has been made that this court has not jurisdiction; and I am inclined to think the objection would not be valid. How it would be on an appeal from the judgment of the county court, may be another question.

An objection has been taken that the justice, when no jury is called, must make and enter a final decision in his docket, and then render judgment thereupon; but that in this case there is no finding or final decision, but judgment of removal only. The language of the act is, "that the justice shall enter the finding of the jury, or in case no jury is called under the foregoing provisions, his final decision upon said application for such warrant in his docket, and render judgment therefor, and include in such judgment costs," &c. (*Laws of* 1849, *ch.* 193, § 5.) After setting forth the proceedings down to the arguments of counsel in submitting the cause, the justice returns, "I rendered judg-

ment that said tenant remove from the premises described, and also judgment against defendant for costs," &c. The justice does not profess to give the form of the entry in his docket. It was his duty to have stated that he decided for the plaintiff on such application for a warrant, and that it was adjudged that he have a warrant of removal. But I think it may fairly be presumed, that in fact the entry of judgment substantially complied with the statute.

The affidavits on both sides stated and admitted, and on the trial it was again admitted, that the plaintiff leased the premises to the defendant "in September, 1837, for and during the will and pleasure of the plaintiff." The plaintiff, on the 12th day of February, 1852, served notice to quit in one month. And the important question is, whether the plaintiff could terminate the tenancy before the end of the year? It is not alledged that rent was reserved, and there was no proof upon either side as to payment of rent. The defendant's counsel stated that he did not intend " to deny the nature of the lease, but merely the time ;" but insisted that in judgment of law the defendant was not a tenant at will; or if he was, that he had become a tenant from year to year; and that his term did not expire until Sept. 1852.

The case, in short then, seems to be this : the plaintiff, in September, 1837, " demised and leased to the defendant" the premises "for and during the will and pleasure" of the plaintiff, and the defendant has remained in possession ever since, but has paid no rent, nor has he agreed to pay any. If he is to be treated as a tenant from year to year, the proceedings are premature, and the judgment must be reversed.

What was formerly considered a tenancy at will, has, in modern times, been construed to be a tenancy from year to year. (*Timmins* v. *Rawlinson*, 3 *Burr.* 1603. 1 *Cruise*, 275. 4 *Kent*, 111.) But tenancies at will are recognized by our statutes. (1 *R. S.* 722, § 5; 745, § 7. 2 *Id.* 512, §§ 28, 31.) And may, undoubtedly, still be created by express words. (*Richardson* v. *Langridge*, 4 *Taunt.* 128, *sustaining Ld. Ellenborough at nisi prius. Roe* v. *Lees*, 2 *Wm. Black. Rep.* 1173. *Doe* v. *McKeag*, 10 *Barn. & Cr.* 721. *Doe* v. *Jones, Id.* 718.

Post v. Post.

*Hargrave's Notes to Co. Litt.* 55, *b.* 2 *Bl.* 147, *n.* 4 *Kent,* 114. *Sullivan* v. *Enders,* 3 *Dana,* 60. 2 *Smith's L. Cas.* 76. 10 *Vin.* 396.) It has been said, that the reservation of rent yearly, or half-yearly, &c. turns leases for uncertain terms, into leases from year to year. (*Roe* v. *Lees, supra. Richardson* v. *Langridge, supra. Jackson* v. *Bradt,* 2 *Cai. R.* 169. 1 *Saund. R.* 276, *n. a,* 6*th ed.*) A tenancy from year to year, so long as both parties shall respectively please, is, in one sense, a tenancy at will; but must be determined at the end of the year by proper notice. And the lessor cannot enter until the term ends. (2 *Salk.* 414. *Cro. Eliz.* 775.) And a general occupation of land, it is said, enures as a tenancy from year to year. (*Adams on Ejectment,* 102, 3. 3 *Burr.* 1610. *Doe* v. *Brown,* 8 *East,* 165.) But even in that case, in this state, it has been held that it was a tenancy from year to year only for the purpose of notice to quit. (*Phillips* v. *Covert,* 7 *John.* 1. *Bradley* v. *Covel,* 4 *Cowen's Rep.* 349. *Nichols* v. *Williams,* 8 *Id.* 13.) And, unless the statute impliedly requires it, I think it is only in those cases in which they can be deemed tenancies from year to year, that notice is required. It has been contended that a tenant at will is entitled to notice. (*Jackson* v. *Bryan,* 1 *John.* 322. *And see* 9 *Id.* 267; *Ellis* v. *Page,* 2 *Pick.* 71.) But there are contrary decisions. (*Jackson* v. *Bradt, supra. Opinion of Thompson, J., in Jackson* v. *Bryan, supra; and in Jackson* v. *Aldrich,* 13 *John.* 106; 4 *Kent,* 114.) And in England, it seems, no notice is necessary. (*Doe* v. *Mc-Keag,* 10 *B. & C.* 721.) And that it is necessary to give them the character of tenancies from year to year, for the purposes of notice, is an implied admission that notice to quit is not necessary. A tenant at will is not a wrongdoer until his estate is determined. An estate at will may be determined, at the will of the lessor, by any act done on the land, which is inconsistent with the continuance of the tenancy. As, by mere entry or demand of possession, and at any time. (*Co. Litt.* 55, *b. Turner* v. *Doe, dem. Bennett,* 9 *M. & W.* 643; *S. C.* 7 *Id.* 226. *Ellis* v. *Page, supra.* 1 *Cruise,* 273.) It has no fixed duration of time. The tenant is entitled to emblements, and has a right

of egress and regress for that purpose. But the will of the landlord is in other respects determined. The statute provides also that a tenancy at will may be determined by one month's notice in writing, requiring him to remove. (1 *R. S.* 745; § 7.) At the expiration of that time he may re-enter, bring ejectment, or institute summary proceedings. (*Id.* § 9. 2 *Id.* 512, § 3.) If the demise is expressedly or impliedly from year to year, or any definite period, he cannot be removed until the end of the year, or the expiration of the term. But if he holds over after the lease is terminated, whether by notice or its own limitation, he can be summarily dispossessed under this statute. What notice is requisite to terminate an estate from year to year, at the will of the parties, it is not now necessary to decide. For the defendant in this case, is merely a tenant at will. " Tenant at will, is where lands or tenements are let by one to another, to have and to hold to him at the will of the lessor, by force of which lease the lessee is in possession." He is called " tenant at will because he hath no certain nor sure estate, for the lessor may put him out when he please." (*Litt.* § 68. 1 *Cruise,* 269. 4 *Kent,* 110.) It is admitted, in this case, that the land was leased " during the will and pleasure" of the plaintiff, and we are to presume that the lease was made with all legal formalities. No rent or compensation of any kind was reserved, nor is there any proof that any has ever been paid or demanded. And there is no limitation as to time, and we cannot say that it has become a lease from year to year by mere lapse of time. It is admitted by every writer, that a tenancy at will may still exist by express agreement. The parties have power so to contract. This lease created that estate ; and it has not, by operation of law, been turned into a lease from year to year. The judgment should be affirmed.

CADY, J. and C. L. ALLEN, J. concurred.

Judgment affirmed.

[FULTON GENERAL TERM, September 6, 1852.   *Willard, Hand, Cady* and *C. L. Allen,* Justices.]