SHERMAN B. BURNS, Respondent, *v.* HENRY C. BRYANT, Appellant.

The notice to be served by the landlord upon the tenant at will to determine his tenancy, need not specify the time within which the premises must be surrendered.

If a time be specified in the notice served upon the tenant which elapses within less than one month from the time of service of the notice, it will not vitiate the notice.

It is sufficient if the tenant has thirty days' notice in writing of the intention of the landlord to terminate the tenancy.

THIS is an appeal from a judgment of the Superior Court of Buffalo.

It appears that the defendant was in possession of a parcel of land, some five acres, which had no dwelling on it, and was partly cultivated and partly in grass, and which land belonged to one P. B. Eaton. On the trial Eaton testified that he told the defendant he might use the premises until he wanted them, but must give them up whenever he should want them for any purpose. This evidence was corroborated and was not contradicted. It did not appear that the defendant had paid any rent, or that any was received, or that any compensation was made. In January, 1859, the landlord served on the defendant a notice to quit and surrender the premises. The precise day on which the notice was served, was in dispute whether on the 19th or 24th of January. It was determined on the trial that the service was on the 24th of January, and the notice by its terms requiring the defendant to leave on the 20th of February, and before the expiration of one month. The question of the sufficiency of the notice was raised, and is the only material question to be determined here. The notice was as follows:

"BUFFALO, January 18, 1859.

"H. C. BRYANT: Sir—Please take notice, that you are hereby required to deliver up and surrender the premises (describing them), and to remove therefrom on the 20th day of February

next, pursuant to the provisions of the statute relating to the rights and duties of landlord and tenant.

"Yours, &c.

"P. B. EATON."

On the 21st February, 1859, Eaton leased the premises for one year to the plaintiff, who on the same day took possession by drawing on manure and erecting a tannery, &c., and putting in crops. In May and June following, the defendant plowed up the plaintiff's crops, and for this alleged trespass the action was brought. A verdict was obtained by plaintiff, and the judgment was affirmed by the Supreme Court at General Term.

*Brown & Fisher*, for the respondents.

CAMPBELL, J. The defendant was in possession, holding for no particular time, paying no rent, making no compensation for the use of the land, but under agreement to surrender the premises whenever the landlord should require the possession. He was clearly a tenant at will (*Post* v. *Post*, 14 Barb., 253, and cases and authorities cited there). As such tenant at will the defendant was entitled to one month's notice to quit and surrender the premises. (3 R. S., 5th ed., p. 35, §§ 7, 8, 9.) The duration of the tenancy is uncertain, and the landlord cannot eject the tenant summarily. He has one calendar month in which to make his arrangements to remove. The form of the notice is not prescribed further than it must require the tenant to remove from the premises, and it must be in writing. The 9th section declares that "at the expiration of one month from the service of such notice the landlord may reënter, &c." In this case, the premises being unoccupied at the time, the landlord reëntered by the plaintiff before the expiration of the month. But the trespasses were not committed till May and June following, two or three months after the month had expired. The fact that the notice was served on the 24th of January, requiring the tenant to remove on the 20th February, could make no difference, as there is no claim for trespasses committed prior to the 24th February. All the defendant was entitled to

was one month's notice to quit. It could make no difference that a specific day was fixed in the notice. The statute would still give him the month in which to make his preparations to remove. This month had long expired when the defendant virtually undertook to reënter himself, as against his landlord, claiming that his tenancy had not terminated.

It seems to me very clear that there was no foundation for such a claim on the part of the defendant.

This judgment should be affirmed.

WRIGHT, J. There is but a single point in the case, viz.: whether the service of the notice on the 24th January, 1859, was sufficient to determine the right of the defendant to hold possession of the premises at the time of the commission of the trespasses by him in the months of May and June thereafter. Bryant was the tenant at will of Eaton the lessor of the plaintiff. On the 24th January, 1859, Eaton caused a notice in the following form to be served on him:

"BUFFALO, January 18, 1859.

"H. C. BRYANT: Sir—Please to take notice that you are hereby required to surrender and deliver up possession of the premises (sufficiently describing them), and to remove therefrom on the 20th day of February next, pursuant to the provisions of the statute relating to the rights and duties of landlord and tenant.

"Yours, &c.,        P. B. EATON."

It will be observed that the notice (founded on a supposition that it would be served on the day of its date) specifies a day for removal, viz., the 20th February, which is four days earlier, it being served on the 24th January, than the statute would require; and thereupon the court was asked to instruct the jury that the notice was insufficient and void, and that the tenancy existing between the defendant and the lessor of the plaintiff was not terminated by said notice, whether the defendant was a tenant at will or at sufferance. But this the court refused, and on the contrary charged that the notice was a good and sufficient one, and terminated the tenancy

before the time when the trespasses are charged in the complaint to have been committed.

This was not error. The statute is: "Wherever there is a tenancy at will, or by sufferance, created by the tenant's holding over his term, or otherwise, the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove therefrom" (1 R. S., 745, § 7), and it further provides that "at the expiration of one month from the service of such notice the landlord may reënter, or maintain ejectment, or proceed, in the manner prescribed by law, to remove such tenant, without any further or other notice" (§ 9). All that the statute requires is that the tenant shall have one month's notice of the will of the landlord that the tenancy shall cease. No particular form of notice is prescribed, and in the notice served the will of the landlord to end the tenancy is entirely clear. That a day for removal was unnecessarily specified in the notice, did not vitiate it.

I am of the opinion, therefore, that the notice served was sufficient to terminate the tenancy in one month from the service thereof; and that the judgment of the Supreme Court of Buffalo should be affirmed.

Judgment affirmed.