### SARSFIELD and HEALY *vs.* HEALY.

Although, strictly speaking, an estate at will is where one man lets land to another to hold at the will of the lessor; the agreement expressly providing that the premises shall be so held; yet if a tenant be placed on land without any term prescribed, or rent reserved, and as a mere occupier, he is only a tenant at will.

Where a tenant was allowed to occupy premises without being limited to any term, and without any fixed rent being reserved, but only such rent as the premises, or the occupation thereof was worth; it was *held* that this was a tenancy at will, and therefore within the provisions of the statute relating to summary proceedings to recover the possession of land. .

CERTIORARI to John A. Stammler, Esq. justice of the district court in the city of New York, for the seventh judicial district, to remove summary proceedings under the statute to recover the possession of land. (2 *R. S.* 512. 3 *id. 5th ed.* 836.) The affidavit upon which a warrant of dispossession was applied for, was made by Michael Callahan, the agent of the landlords, John Sarsfield and Mary Healy, and stated that on or about the 15th day of May, 1864, the said Sarsfield and Mary Healy let and rented the premises hereinafter described to Thomas Healy, and that said Thomas Healy hired and took said premises from said Sarsfield and Mary Healy, under and pursuant to a mutual agreement between them ; that said Thomas Healy was to pay to said Sarsfield and Mary Healy such rent as said premises, or the occupation thereof, was worth. That said Thomas Healy entered into possession of said premises pursuant to such agreement, and has ever since continued in the possession of said premises. That on the 15th day of May, 1865, a notice to quit, of which a copy was annexed, was duly personally served on said Thomas Healy. That said Thomas Healy neglects and refuses to deliver up possession of said premises, and holds over and continues in possession thereof, without the consent of said landlords.

The tenant appeared before the justice, and filed an affidavit denying each and every allegation of the agent of the landlords. The justice rendered a judgment in favor of the

Sarsfield *v.* Healy.

said landlords, that they have possession of the premises, by reason of the expiration of the term, and that a warrant issue to remove the said tenant, and all persons, from the said premises, and to put the landlords into full possession.

*S. B. Noble,* for the plaintiffs.

*J. H. Cornell,* for the defendant.

*By the Court,* CLERKE, J. I think this is a tenancy at will, and therefore within the provision relating to summary proceedings to recover the possession of land. Strictly speaking, an estate at will is where one man lets land to another to hold at the will of the lessor ; the agreement expressly providing that it shall be held at the will of the lessor. But it has been held if the tenant be placed on the land without any term prescribed, or rent reserved, and as a mere occupier, he is a mere tenant at will. (*Post* v. *Post,* 14 *Barb.* 253.) In the case before us, the tenant was allowed to occupy the premises without being limited to any term, and without any fixed rent being reserved. The affidavit, upon which the proceedings were founded, states that " Thomas Healy was to pay such rent as said premises, or the occupation thereof, was worth ;" and the agent testifies " no time was mentioned, at the time he took possession of said house, for how long he was to occupy the same, nor how much rent he was to pay."

It has been held, considering the purpose and nature of this statute, that it should be liberally construed. I deem this tenancy then within the spirit, if not the letter, of its provisions.

The other objections to the proceedings are more plainly untenable.

The proceedings should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Clerke* and *Sutherland,* Justices.]