Rapallo, J.
To sustain this judgment it must be established that neither upon the plaintiff’s version of the arrangement nor upon that testified to by the defendant, did the defendant become a tenant at will or by sufferance. If the arrangement, as testified to by the defendant, created such a tenancy the court erred in not submitting the case to the jury as requested. Independently of the question, whether or not the plaintiff’s evidence established such a tenancy, we are clearly of opinion that if the defendant’s is the true version of the transaction he became a tenant at will. When one enters upon land by permission of the owner for an indefinite period, even without the reservation of any rent, he is by implication of law a tenant at will. (Doe v. Baker, 4 Dev. [N. C.], 220.) If he be placed upon the land as a mere occupier, without any term prescribed or rent reserved, he is strictly a tenant at will. (Jackson v. Bradt, 2 Cai., 169 ; 4 Kent’s Com. [11th ed.], 114, 125; Post v. Post, 14 Barb., 253; Burns v. Bryant, 31 N. Y., 453.) When a householder permitted another to occupy rent free the occupant was held to be a tenant at will. (Rex v. Collett, Russ. & Ry., 498; Jackson v. Bryan, 1 J. R., 322.) In Burns v. Bryant (31 N. Y., 453, supra), the defendant had entered by mere verbal permission of the owner of the land. The court *105 say: “ The defendant was in possession, holding for no particular time, paying no rent, making no compensation for the use of the land, but made agreement to surrender the premises whenever the landlord should require the possession. He was clearly a tenant at will. As such tenant at will the defendant was entitled to one month’s notice to quit and surrender the premises.”
A tenant strictly at will was not, prior to the Revised Statutes, entitled to notice to quit, but a demand of possession was sufficient. (See cases above cited, and also, 10 Barn. & Cress., 721; 5 Car. & P., 575; 13 Edw., 210; 5 M. & W., 14.) But by 1 Revised Statutes, page 745, section 7, it is provided that whenever there is a tenancy at will or by sufferance, created by the tenant’s holding over his term, or otherwise, the same may be terminated by the landlord’s giving one month’s notice in writing to the tenant, requiring him to remove therefrom. The statute does not define what shall constitute a tenancy at will, but leaves that question to be determined by the rules of the common law. If the agreement was as testified to by the defendant, that he should occupy as long as he wished or until he should procure another place, no time being fixed for this purpose, it was equivalent to a tenancy at the will of the tenant, and this makes him also tenant at the will of the.lessor. (Co. Litt., § 68.) It is difficult to say that, even under the arrangement as testified to by the plaintiffs witness, the defendant was not a tenant at will, for, if the time until the completion of the new house was a definite term, for which the owner of the land was to receive as compensation the old frame building, the defendant clearly held over by permission of the landlord after the expiration of that term. If it was an indefinite term it was, under the authorities, terminable at the will of either party, and the statutory notice to quit was necessary.
The judgment must be reversed and a new trial ordered, with costs to abide the event.
All concur.
Judgment reversed.