Titus, C. J.
This is an appeal by the plaintiff from a judgment of the municipal court granting a nonsuit and dismissing the proceedings instituted for the summary recovery of real estate. The plaintiff is the owner of a house on Sandusky street, in this city. In the spring of 1891 the defendant entered into possession of the rear portion of the plaintiff’s house under circumstances detailed by the plaintiff in his evidence as follows: “ They were paying rent before their house was burned. They *595 wanted this place to come into, I let them come into it. My wife asked me to let them come. I was not satisfied to have them, come. It was inconvenient to me, but I said, ‘Let them go there,’ and they came.”
‘•The defendant continued to occupy the premises until the trial of this action in the court below. So term was fixed for the tenancy to continue, nor was any provision for the payment of rent made, and the plaintiff does not now ask or claim any rent A notice to quit and surrender the possession within one month was served on the defendant on the 7th day of June, 1893, and on the 11th day of July these proceedings were commenced to obtain possession. The court below granted a nonsuit on the defendant’s motion, evidently on the ground that the notice to quit was so drawn as not to terminate the tenancy at the end of the month. The notice seems to be in conformity with the statute, which provides: “ When there is a tenancy at will,' or by sufferance, created by the tenant’s holding over his term, or otherwise, the same may be terminated by the landlord’s giving one month’s notice in writing to the tenant requiring him to remove therefrom.” 2 Rev. St., 3d Ed., c. 1, tit. 4, pt. 2, § 7.
There is nothing in the statute which requires the notice to surrender the possession to expire at any particular time, and it may, for anything there found, as well terminate in the middle as at the end of the month. We are referred to no well-considered case which holds that such a notice must terminate with the month, where the tenancy is one at will, as we conceive this to be. The. contrary was held in McGuire v. Ulrich, 2 Abb. Pr. 28, where the notice was served on the 18th of April, and proceedings were instituted on the 25th of May. It was held in that case that it was not necessary that the notice should expire or terminate with the end of the month; that it was in the power of the landlord to terminate the. tenant’s holding at any time by giving such a notice: and, where a tenant was allowed to occupy premises without being limited as to time, and without any' fixed rent being reserved, it was held that a tenancy at will existed. Post v. Post, 14 Barb. 253; Sarsfield v. Nealey, 50 Barb. 245. If the tenancy was from year to year, the tenant could only be evicted after one month’s notice terminating with the year. But a tenant at will is liable to have his holding terminated at any time, and, if he does not surrender when he is served with the proper notice, summary proceedings may be instituted to recover possession, Post v. Post, supra. The facts in the case at bar constitute a holding at will, and not one from year to year. The payment of rent is not essential to the relation of landlord and tenant, although it is high evidence of such relation. A landlord may lease his premises without reserving rent, and not lose the benefit which the relation of landlord and tenant confers in the statutory proceedings to recover possession. 14 Barb. 253. The cases cited by defendant in his brief do not hold a contrary doctrine. It is true that the conventional relation of landlord and tenant must exist to enable the landlord to institute these proceedings, but that simply means that the occupancy of the premises must he by agreement between *596 them as landlord and tenant; but it does not follow that the landlord must exact rent
The defendant’s claim that the evidence does not show that the plaintiff is the owner of the property, so as to authorize him to institute these proceedings, is not well taken. If it is claimed from the statement of the plaintiff in answer to the question, You are the owner of the property?” “ Yes, sir. I paid for it. ,,It is partly in0my wife’s name and mySelf,”—that such an ownership would not authorize the plaintiff to institute these proceedings, such claim is not tenable. It, at most, makes the plaintiff and his wife tenants by the entirety, which, for all ‘purposes of this action, enables her husband to institute the proceedings in the name of the plaintiff. During the life of the" husband and wife holding property by virtue of a joint conveyance the husband has the right to the possession of the property, and to exercise control over it the same as if it were solely his, so long as this relation exists. Bertles v. Nunan, 92 N. Y. 152.
. It is not claimed that the proof of the service of the notice to surrender possession of the premises on the defendant is not sufficient.. The notice is returned by the court below with proof of service, and it must have been considered in evidence by the court and the parties, although it does not appear to have been marked as an exhibit. These proceedings are of a summary nature. The landlord is entitled to his writ on the return of the precept when default is made, without any other proof, such as is contained in the affidavits and notices required at the time of issuing such precept. Section 2249 of the Code provides: “If sufficient cause is not shown upon the return of =the precept, the justice must make a final order awarding to the petitioner'the delivery of the possession of the property.” v
It is not clear why the plaintiff was nonsuited. As the case stood when he rested, he was entitled to the judgment of the court awarding him the possession of the premises.
The judgment is therefore reversed, with costs.
All concur.