ETHAN YAGER, Appellant, *v.* FLORENCE BEDELL and Others, Respondents.

*Judgments — res judicata — action for specific performance of agreement to convey real property — plaintiff had been directed by order of county judge in summary proceedings to vacate premises in question — agreement to convey not set up as defense in summary proceedings — order of county judge res judicata.*

Appeal from a judgment of the Supreme Court in favor of the defendants, entered in the Ulster county clerk's office October 10, 1922, upon the decision of the court rendered after a trial before the court without a jury at the Ulster Trial Term.

Judgment affirmed, with costs. H. T. Kellogg, Acting P. J., Van Kirk and Hinman, JJ., concur; Hasbrouck, J., dissents, with a memorandum.

HASBROUCK, J. (dissenting): Prior to 1888 plaintiff had worked with his father in quarrying and selling stone and his wages with his father's had been handed to his mother to bank for them. Plaintiff swears the amount of his contribution was $550. In that year he negotiated with Jacob Krum for the purchase of a house and some two acres of land and the deed, pursuant to an understanding between plaintiff and his mother, that she should deed it to him when required, was taken in his mother's name. After the lapse of upwards of twenty years and in 1914 he demanded the deed of his mother and such demand was never complied with. While in such occupancy plaintiff paid the taxes and made repairs in an amount of $200. In 1920 the mother, who was infirm in health, in consideration of care, lodging and maintenance, deeded the property to Florence Bedell and turned in pension checks of $30 per month which she received from the government. Thereafter defendant Florence Bedell, treating the plaintiff as a tenant at will, revoked the tenancy and brought a summary proceeding before the county judge

to dispossess the plaintiff. At the conclusion of the hearing, the plaintiff herein being represented therein by counsel, the county judge granted a warrant of dispossession. Proof was offered and rejected bearing upon the agreement to convey the property in suit but no evidence, besides, of the agreement was offered. The agreement to convey set up in the complaint in this action was not set up as a defense in the summary proceedings. Among the allegations in the answer herein the defendant Bedell has set up that the order in the summary proceedings was *res adjudicata;* that the alleged contract was within the Statute of Frauds, and that the action was barred by the Statute of Limitations. A trial has been had and a judgment rendered vacating the injunction and dismissing the complaint upon the sole ground that the order in the summary proceedings was *res adjudicata.* Section 2244 of the Code of Civil Procedure, now section 1425 of the Civil Practice Act,* provides that in such proceedings equitable defenses may be pleaded, and because it was permitted by the Code to plead an equitable defense it is claimed that the order of the county judge constitutes an estoppel and is *res adjudicata* upon the fact that there existed no agreement by the defendant Anna C. Yager to convey the property in question to the plaintiff herein. This contention is undoubtedly founded upon the well-recognized rule relating to judgments that except under special circumstances the court requires parties to bring forward their whole case and will not permit them " ' to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in controversy, but which was not brought forward   *   *   *.' " (*Cromwell* v. *County of Sac,* 94 U. S. 358.) It seems reasonably plain that the use of the word " may " in the section of the Code of Civil Procedure above referred to in view of the surrounding circumstances must be denied mandatory and given permissive interpretation. (*People ex rel. Comstock* v. *City of Syracuse,* 59 Hun, 258; *People ex rel. Doscher* v. *Sisson,* 222 N. Y. 395.) However a right of defense may accrue to the litigant, the necessity of availing himself of it may not be denied. The crucial question then is, was the plaintiff here, the defendant in the summary proceedings, required to plead and prove the existence of the agreement on the part of his mother to convey to him the land in suit or be forever barred from doing so? There is this special circumstance which the plaintiff raises against the rule herein above stated, namely, that if he had pleaded and attempted to prove his contract the county judge was without power to grant him the relief of specific performance. It has been held that " on principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action. Various considerations, other than the actual merits, may govern a party in bringing forward grounds of recovery or defense in one action which may not exist in another action upon a different demand, such as   *   *   *   his own situation at the time. A party acting upon considerations like these ought not to be precluded from contesting in a subsequent action other demands arising out of the same transaction." (*Cromwell* v. *County of Sac, supra.*) A demand other than that available in the summary proceedings is the performance of a contract according to its terms. Again, it has been said and the reason for it is found in the rule of the Roman law

---

* See Code Civ. Proc. § 2244, as amd. by Laws of 1920, chap. 132; now Civ. Prac. Act, § 1425, as added by Laws of 1921, chap. 199.— [REP.

*Nemo debet bis vexari pro eadem causa* that " to constitute a good plea of *res adjudicata* it must be shown that the former suit was one in which the plaintiff might have received precisely what he seeks in the second." ( *Nelson* v. *Couch*, 15 C. B. [N. S.] 99.) I think the plea of *res adjudicata* must fail because the plaintiff was not obliged to plead as a defense facts upon which the court had not the competence to decree complete relief. Furthermore, Mr. Justice Miller writing for the Appellate Division of the First Department and nowhere overruled, has distinctly pointed out the infirmity of the magisterial court in the following language: " It is said that the trial of the questions of fact and law upon which the right to specific performance depends, and the adjudication of such right is not the exercise of equitable jurisdiction so long as a formal decree directing specific performance is not entered. The constitutional inhibition has reference to substance, not mere form  \*  \*  \*. It is sufficient on this appeal to hold that the Municipal Court cannot determine the *right* of a party to a specific performance of a contract." (*Simon* v. *Schmitt*, 137 App. Div. 627.) Whether plaintiff had the *right* to specific performance of his contract the county judge had no authority to determine. The plaintiff might have used such a plea as a shield. (*Rodgers* v. *Earle*, 5 Misc. Rep. 164; *Richards* v. *Littell*, 16 id. 339; *Constant* v. *Barrett*, 13 id. 249; *Homestead Bank* v. *Wood*, 1 id. 145; *Bien* v. *Bixby*, 18 id. 415, 421; *Horton* v. *Roy*, 116 id. 707.) His failure to do so under the authorities above referred to did not rob him of the right to use it in another action as a sword. It follows that the order in the summary proceedings constitutes no estoppel or bar in the instant case and that since no other questions were considered by the trial court there should be a new trial. I vote for reversal and a new trial.

