MARY MAFFETONE, Landlord, *v.* FRANK MICARI et al., Tenants.

Municipal Court of the City of New York, Borough of Queens, February 8, 1954.

460

*Comunardo L. Renzulli* for landlord.

*Vincent M. Albanese* for tenants.

TOBIAS, J. In this summary proceeding, the landlord seeks a final order awarding her possession of a bungalow erected upon her real property situated in the Rockaway area of the borough of Queens. The bungalow was erected on the property by the tenants. The parties are related. The petitioner is the grandmother of the tenant *Anna Micari* and the tenant *Frank Micari* is the latter's husband.

As authority for her procedure, the landlord invokes subdivision 8 of section 1411 of the Civil Practice Act, the pertinent provisions whereof provide as follows:

"In either of the following cases a person who holds over and continues in possession of real property after notice to quit the same has been given, as prescribed in section fourteen hundred and sixteen of this act, and his assigns, tenants or legal representatives may be removed therefrom, as prescribed in this article: * * *

"8. In any case not otherwise provided for in this article, where he is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, * * * is no longer entitled to possession of the property; provided, however, that a mortgagee or vendee in possession shall not be deemed to be a licensee within the meaning of this subdivision.''

After trial of the issues herein, I find that, prior to November, 1952, the petitioner gave oral permission to the tenants to enter upon her land, and to erect a bungalow thereon. Thereafter the tenants entered upon the land, constructed a foundation, and placed thereon a bungalow which they had purchased from the City of New York. In November, 1952, the tenants moved into and occupied the bungalow.

I further find that the parties hereto did not enter into any written agreement of sale, or other writing, at the time the tenants were given permission by the petitioner to erect the bungalow, covering any interest in the land. The tenants contended that the landlord had orally agreed to sell part of her land to tenant after the bungalow was erected; the landlord denied such agreement on her part.

I further find that a written notice to quit the premises was served by landlord on tenants on November 27, 1953, calling upon them to vacate the premises on or before December 12, 1953, following which this proceeding was duly commenced.

Upon these facts, I must first resolve the procedural question of the parties' status in this proceeding, and then determine their substantive rights herein.

Where one enters upon land by permission of the owner, without reservation of rent or designation of tenure, he is by implication of law, a tenant at will, and the conventional relationship of landlord and tenant exists between the parties (*Larned* v. *Hudson,* 60 N. Y. 102, 104; *Powers* v. *Ingraham,* 3 Barb. 576, 578; *Sarsfield* v. *Healy,* 50 Barb. 245, 246; *Post* v. *Post,* 14 Barb. 253, 258). A tenancy at will confers an estate in land (*Matter of Rourke* v. *Metz,* 139 App. Div. 155, 157, affd. 202 N. Y. 604).

A tenant at will is entitled to a written notice of not less than thirty days requiring his removal from the premises (Real Property Law, § 228; *Baumann* v. *City of New York,* 180 App. Div. 498, 502).

A license, as contrasted with a tenancy at will, is merely permission to do a particular act or series of acts upon the land of another, and conveys no estate in the land which establishes the conventional relationship of landlord and tenant (51 C. J. S., Landlord and Tenant, § 156, p. 763; 3 Tiffany on Real Property [3d ed.], § 829, p. 401). A license confers a mere right of occupancy of the land, with the consent of the owner (Walsh, Encyclopedia of New York Law, p. 581), and " without passing any estate therein " (*Mammy's Inc. & Pappy's Inc.* v. *All Continent Corp.,* 106 N. Y. S. 2d 635, 638). A license may encompass the

erection of buildings or other structures upon the owner's land (3 Tiffany on Real Property, p. 403).

A parol license "while it justifies anything done by the licensee before revocation, is, nevertheless, revocable at the option of the licensor, and this, although the intention was to confer a continuing right and money had been expended by the licensee upon the faith of the license." (*Crosdale* v. *Lanigan*, 129 N. Y. 604, 610.)

A licensee must receive a ten days' notice before summary dispossess proceedings against him will lie (Civ. Prac. Act, § 1411, subd. 8; § 1416).

Within the purview of the foregoing principles, I hold that the tenants, having only a mere oral permission to erect a bungalow, without any present estate in the land, are licensees who have received the requisite ten days' notice to quit which is the condition precedent to maintenance of this proceeding. However, in addition thereto, upon the proof which I accept, the tenants are the owners of the bungalow on the landlord's realty. We are thus met with the problem of applying the literal provisions of subdivision 8 of section 1411 of the Civil Practice Act to the situation where the subject land and building are respectively owned by the adversary parties to the proceeding thereunder. In the ordinary case, "The title and ownership of buildings generally follow the title to the land. Parties, however, may so contract that one may be the owner of the building and the other of the land." (Warren Weed on New York Real Property, § 2.05, p. 399, citing, as authority, *Hood* v. *Whitwell*, 66 Misc. 49, affd. 140 App. Div. 882, affd. 200 N. Y. 566, and *Melton* v. *Fullerton-Weaver Realty Co.*, 214 N. Y. 571.)

In reaching the conclusion that the tenants are owners of the bungalow, I am mindful that the landlord contends the Statute of Frauds (Real Property Law, § 259) precludes the endowment of respondents with any title to the petitioner's realty, and that an oral agreement by a landlord to convey title to a tenant is ordinarily not enforcible (*Viemeister* v. *McVoy*, 94 N. Y. S. 2d 396, affd. 276 App. Div. 1102). However, I make no finding as to whether the tenants have any interest in the realty, but confine my decision to the more narrow finding that they are the owners of the bungalow on the landlord's land. Since the parties before me are blood relatives, the Statute of Frauds is, necessarily, no bar to the tenants' claim to some interest in the land and some enforcible equitable rights thereto (*Foreman* v. *Foreman*, 251 N. Y. 237; *Goldstein* v. *Brockstein*, 281 App. Div. 762). The Municipal Court of the City of New

York, however, is not the forum where the equitable rights of the tenants may be fixed and determined since this court, in summary proceedings, may not assume " to exercise equitable jurisdiction, which it does not possess " (*McCutcheon Realty Corp.* v. *Kilb*, 129 Misc. 637, 641). The Municipal Court " cannot determine the right of a party to a specific performance of a contract " (*Simon* v. *Schmitt*, 137 App. Div. 625, 627).

In the posture of the accredited proof before me, the landlord has duly revoked the tenant's license to occupy her land with their bungalow. The landlord is, therefore, entitled to invoke the provisions of subdivision 8 of section 1411 of the Civil Practice Act for relief. That statute was specifically enacted in 1951 to amend the prior rule of law to the effect that, after revocation of his license, a licensee, wrongfully occupying the land, could not be ejected by the licensor by summary process since the conventional relationship of landlord and tenant did not exist between the parties (1951 Report of N. Y. Law Revision Commission, pp. 56, 61–62).

While the factual situation before me is novel, and has not been reached in the only two reported cases that I have been able to find, construing this relatively recent statute (*Huber* v. *Cricchi*, 114 N. Y. S. 2d 310; *Beach Haven Co.* v. *Michael*, 115 N. Y. S 2d 530), I hold that the landlord is entitled to a final order under the section invoked by her. Since my adjudication might conceivably be construed as *res judicata*, barring the tenants in some future action in enforcement of their rights, if any, as owners of the bungalow and in their claims to an interest in the realty (*Yager* v. *Bedell*, 206 App. Div. 803), I specifically direct that such final order shall be without prejudice to such action, at law or in equity, as respondents, if so advised, may hereafter institute.

Final order is, accordingly, awarded to landlord without prejudice to tenants, as aforesaid.