74-52 Cypress Hills St. LLC v Veres (2024 NY Slip Op 51578(U))

[*1]

74-52 Cypress Hills St. LLC v Veres

2024 NY Slip Op 51578(U)

Decided on November 15, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 15, 2024
Civil Court of the City of New York, Queens County

74-52 Cypress Hills Street LLC, Petitioner(s),

against
Malgorzata Maria Veres, Respondent(s).

Index No. LT-302008-24/QU

Marc Aronson, Esq.
Attorney for Petitioner
107 Smith St Brooklyn, New York 11201 (718) 237-1960
Rebisz Law Firm, PLLC
Attorneys for Respondent
33 Nassau Ave, Suite 67 Brooklyn, New York 11222 (347) 486-4699

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1
Notice of Cross Motion with Answering Affidavits/ Affirmations 2, 3
Reply Affidavits/ Affirmations 4
NYSCEF Doc. No. 1-19
Procedural History and Motions Filed
This holdover proceeding is predicated upon a 10-day notice to quit dated January 9, 2024. The petition states that the subject property is a 1-family dwelling. Respondent appeared by counsel and filed an Answer stating defenses, affirmative defenses, and counterclaims.
Before the court are two motions: Petitioner's Notice of Motion, Seq. No.1, for an order [*2]striking Respondent's Affirmative Defenses and counterclaims; and Respondent's Notice of Cross-Motion and Opposition for an order granting leave to file an Amended Answer, dismissal judgment and for such other relief as may be deemed just and proper. Motion Seq. No. 2.
In support of the Petitioner's motion, it argues that the Answer contains conclusory allegations and unsupported allegations. In opposition, Respondent's cross-motion seeks leave to file an Amended Answer, offered as Exhibit A. NYSCEF Doc. No. 13. Respondent's Affidavit provides that the property contains three separate apartments; that Respondent has been a tenant since 2011; that Respondent's former spouse is one of the members of the Petitioner LLC; and that the eviction was initiated before Respondent and her former husband were divorced. The judgment of divorce is said to have been issued after the predicate notice was issued. Respondent argues that she is not a mere licensee but a tenant, or in the alternative a tenant at will or by sufferance entitled to no less than a 30-day predicate notice.
Analysis and Legal Conclusion
A motion to amend a pleading shall be freely granted. CPLR Rule 3025(b). Respondent's motion to file an Amended Answer is granted. There is no undue prejudice to the Petitioner and to the extent the parties had a familial connection the essential facts are known.
Upon the Amended Answer deemed interposed, Petitioner's motion to strike Respondent's Answer is denied as moot. During argument on their respective motions Respondent, however, withdrew the defense challenging the service of the Notice of Petition and Petition pursuant to RPAPL §735. As such, that part of the Amended Answer raising the jurisdictional defense of failure to serve the Notice of Petition and Petition is stricken.
The central issue in this holdover summary proceeding is whether Respondent is a licensee. Respondent now moves for dismissal judgment on the basis that Respondent is not a licensee and as such this RPAPL Section 713 proceeding must be dismissed.
It is not disputed that Respondent has resided in the subject premises since 2011, that she entered possession with the knowledge, consent, and approval of the fee owner, and that she and her spouse had exclusive possession. Respondent affirms that she entered possession with her former spouse who is the son of Vasile Verse, an agent or member of the fee owner. Respondent states that she was given duties to maintain the common areas and remove the trash, and Respondent describes that she has been doing this over the last decade and continues to do this. Petitioner denies that this is the case. Petitioner's agent states that he did not "recognize" Respondent as a tenant and denies having knowledge of "Acknowledgement of Resident(s)" signed by Adrian I. Veres, one of the prior fee owners. Petitioner provides a Deed which indicates that the prior fee owners Adrian Veres and Vasile Veres transferred the property to 74-52 Cypress Hills Street, LLC. The transfer document indicates that it is a 2-family dwelling.
Pursuant to Article 7 of RPAPL, a summary proceeding is permitted where there is no landlord-tenant relationship. The grounds upon which the proceeding is permitted are particularized under Section 713. Here the predicate notice states that Respondent continued in possession after Marian Veres, her spouse, vacated the subject premises in 2020, who was the "actual occupant of the apartment." It is not disputed that Marian Veres and Respondent moved to the subject premises together as a married couple in 2011, and enjoyed exclusive possession of the subject premises. There is no indication that after 2020, when Respondent's spouse moved out, that she was granted a license to remain in the subject premises. The predicate notice indicates Respondent continued to reside in the subject premises under the same understanding [*3]established in 2011. As the predicate notice does not provide for a changed or modification of that understanding, there are no categories under Section 713 to sustain this proceeding.
In common law the conveyance delivered to Respondent in 2011 would not be that of a licensee, but a tenant at will or at sufferance. (Where a tenant was allowed to occupy premises without being limited to any term, and without any fixed rent being reserved, but only such rent as the premises or the occupation were worth, held, a tenancy at will. See, Sarsfield v Healy, 50 Barb. 245, 1867 NY App. Div. LEXIS 176 [NY Sup. Ct. Nov. 4, 1867]); Maffetone v. Micari, 205 Misc. 459 [Municipal Ct, Queens Co 1954] (Where one enters upon land by permission of the owner, without reservation of rent or designation of tenure, he is by implication of law, a tenant at will, and the conventional relationship of landlord and tenant exists between the parties, at 462.); Brennecke v. Smith, 42 Misc 2d 935 [Co Ct, Westchester Co. 1964] (Lawfully in possession to begin with, as the wife of the plaintiff, she continued in possession, following alleged abandonment by her husband, not by virtue of any license or special arrangement with her husband, but solely on the basis of the existence of their marriage relationship., at 939.); Hughes v. Quingling Zhao, 82 Misc 3d 347 [City Ct. Nassau Co. 2023]([I]t has been firmly established that a spouse cannot evict the other spouse through a summary proceeding absent an annulment of the marital relationship or a modification thereof by a court order or agreement, at 350, citing Rosenstiel v. Rosenstiel, 20 AD2d 71 [1st Dept.1963]). Here while the Petitioner is not the former spouse, the Petitioner does not allege that a license was granted after the former spouse, a son of the Petitioner, vacated the subject premises. Indeed, everything remained the same, and the creation of a licensee agreement is not evident or stated in the predicate notice.
Respondent has occupied the subject premises without limitation since 2011 and the predicate notice cannot support the claim that Respondent falls within RPAPL Section 713.7 and became a licensee after her spouse moved out. See also, NYC Blue Mgt. LLC v. Finn, 82 Misc 3d 337 [Civ Ct. Queens Co. 2023] and Nyc Blue Mgmt. LLC v. Finn, 2023 NYLJ LEXIS 3607 NYLJ Jan 17, 2024 at p17, col. 2 [Civ Ct. Queens 2023].
There seems to be no dispute that Respondent, upon the facts contained in the predicate notice, entered with the knowledge and consent of the Petitioner and without limitation, which does not comport with being a mere licensee. Upon Petitioner's son leaving the subject premises, Respondent did not become a licensee of the Petitioner.
Accordingly, Respondent's motion, Motion Seq. No.2, seeking dismissal in granted and the proceeding is dismissed. Motion Seq. No.1 is denied as moot.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: November 15, 2024
Queens, New York
SO ORDERED,
Hon. ENEDINA PILAR SANCHEZ
J.H.C.