JOHN OSBORN v. ROBERT POTTER AND CLARA CLARKE.

*Fixtures—Landlord and tenant—Conversion.*

Plaintiff purchased from a tenant a building which he had erected upon the leased premises under a lease which provided for the conveyance of the land to him on the payment of a given sum before the expiration of the lease. Plaintiff entered into possession, with the knowledge of the lessor, who agreed to give him a new lease, which she did after the expiration of the first lease. After receiving said lease, the plaintiff sublet the land and building. The lessor subsequently conveyed the land to another party, to whom plaintiff paid the ground rent. After the expiration of his lease, plaintiff requested permission to remove the building, which was refused, whereupon he brought suit in trover to recover its value. And, in affirming a judgment in his favor, it is held:

a—That the building became no part of the realty, and that the first lessee had the right to remove it at any time before the lease expired; citing *Kerr v. Kingsbury,* 39 Mich. 150.

b—That the contention that, because said lessee had the

privilege of buying the land within five years if he chose, it is to be conclusively presumed that the building was placed on the land with the intention of permanently annexing it to the freehold, is untenable; that the lessee still retained his option to purchase after, as well as before, the erection of the building, and, if he elected not to purchase, it was his privilege to remove the building as personal property at any time before the expiration of his lease; that it appears from the findings of fact that, when the building was erected, it was the lessee's intention, if his business should prove satisfactory, to purchase the land, but, in case he should not prefer so to do, to remove the building; and that, under these circumstances, the building did not become a part of the realty; citing *Manwaring v. Jenison*, 61 Mich. 117.

Error to Bay. (Cobb, J.) Argued June 7, 1894. Decided June 26, 1894.

Trover. Defendants bring error. Affirmed. The facts are stated in the opinion.

*J. W. Clarke* (*Frank L. Fales*, of counsel), for appellants.

*Pratt, Van Kleeck & Gilbert*, for plaintiff.

MONTGOMERY, J. This is an action of trover for the conversion of a frame building erected by one Dorr F. Kinney, in 1878, upon land owned by Antoinette Beckwith. On the 14th of October, 1878, Mrs. Beckwith executed a lease to Kinney for the term of five years. The lease provided that if the second party should pay said first party, in addition to the rent and taxes, $500 within five years, then "said first party will convey said land to him." Kinney occupied the premises until January 6, 1881, when he sold the building to the plaintiff. Plaintiff went into possession at once, with the knowledge and consent of Mrs. Beckwith, the lessor, and paid rent to her. Mrs. Beckwith agreed to give the plaintiff a five-year lease. It passed on from day to day, and ran four

years without any written lease. On March 5, 1885, Mrs. Beckwith executed a lease of the land to the plaintiff for five years from that date. This lease contained a provision permitting the plaintiff to remove any and all buildings from the land at the time of the expiration of the lease. Plaintiff sublet the land and buildings to Potter & Banker for two years from March 7, 1885, with the privilege of five years from that date. Potter is one of the defendants in the present case. Potter testified that he paid rent to Osborn until March 7, 1892; that he did not pay him rent any longer because he came to the conclusion that the property belonged to another party. About the time of the expiration of the lease from Mrs. Beckwith to plaintiff, and while he was in negotiation with her for a purchase of the land, the defendant Clarke made the purchase, and obtained a deed. Plaintiff paid the land rent to defendant Clarke up to March 7, 1892. After Potter refused to pay rent to plaintiff, plaintiff demanded the building from defendants, and requested to be allowed to remove it from the land, and, upon defendants' refusing to allow him to do so, brought this suit for the conversion of the property.

Upon this state of facts the case would appear to be very simple. We think the building became no part of the realty, and that the lessee had the right to remove it at any time before the lease expired. *Kerr v. Kingsbury,* 39 Mich. 150. It is urged that, because Kinney had the privilege of buying the property within five years if he chose, it is to be conclusively presumed that the building was placed upon the premises with the intention of permanently annexing it to the freehold. But we do not think such inference is at all necessary from that fact. Kinney still retained his option after, as well as before, the erection of the building. If he should elect not to purchase, it was his privilege to remove the building as

personal property at any time before the expiration of his lease. There is a special finding of fact in which it is stated that, when the building was erected, it was the intention of Kinney that, if his business should prove satisfactory, he would avail himself of the option to purchase contained in said lease, but, in case he should not prefer to avail himself of said option to purchase, to remove said building. Under these circumstances, the building did not become a part of the realty. See *Manwaring v. Jenison,* 61 Mich. 117.

It is claimed that defendant Potter was evicted from the premises before the commencement of this suit, and entered into a contract with one Kate A. Smith, who had become the owner, and that he *bona fide* yielded up possession to prevent being actually expelled, and that, therefore, his refusal to deliver possession to plaintiff cannot be treated as a conversion. But the circuit judge finds that the premises described in the proceedings to evict Potter are not the premises upon which the building in question stands, and the record fails to disclose any right of ownership in Kate A. Smith.

The suggestion that the lease to plaintiff was not executed with the formality required for the execution of contracts for the sale of lands is sufficiently answered by the finding of fact, which we think fully justified, that the building never in fact became a part of the realty.[1]

We think there was no error committed on the trial of the case.

The judgment will be affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.

---

[1] The lease was not dated or witnessed, and was signed by the lessor only.