### HOOD et al. v. WHITWELL et al.

(Supreme Court, Special Term, Orleans County. December, 1909.)

1. CANALS (§ 15*)—CONTRACT FOR CONSTRUCTION.
   The state under the Barge Canal act acquired certain land and buildings thereon, and thereafter contracted with defendant for the construction of a section of the canal embracing such land. The specifications under which the contract was awarded provided that the buildings should become the property of the contractor, "who may dispose of them as he sees fit," and that the buildings "to be removed" should become the property of the contractor, and the contract provided that the contractor should not "disturb" any building within the site, except with the written consent of the state engineer. The contractor sold one of the buildings, and thereafter the state changed the site. *Held*, that the purchaser was entitled to remove the building without the consent of the state engineer, as the provision relative to the state engineer did not refer to buildings which became the property of the contractor.
   [Ed. Note.—For other cases, see Canals, Dec. Dig. § 15.*]

2. CANALS (§ 15*)—CONTRACT FOR CONSTRUCTION.

The contractor had the right to dispose of the buildings by sale, and to transfer the right to remove them to his purchaser.

[Ed. Note.—For other cases, see Canals, Dec. Dig. § 15.*]

3. PROPERTY (§ 4*)—REAL ESTATE—BUILDINGS.

The title and ownership of permanent erections generally follow the title of the land, but it is competent for parties by contract so to regulate their respective interests that one may be the owner of the buildings and another of the lands.

[Ed. Note.—For other cases, see Property, Cent. Dig. §§ 4–6; Dec. Dig. § 4;* Improvements, Cent. Dig. § 2.]

4. PROPERTY (§ 5*)—REAL ESTATE AND CHATTELS.

Where buildings alone are conveyed by the owner of the land, they will in contemplation of law be regarded as divided and severed from the soil, and will vest as chattels in the grantee, even before actual severance.

[Ed. Note.—For other cases, see Property, Cent. Dig. §§ 7, 8; Dec. Dig. § 5.*]

Action by Emma L. Hood and another against John A. Whitwell and another. Judgment for defendants.

L'Hommedieu & Whedon, for plaintiff Hood.

D. E. Brong, Deputy Atty. Gen., for the State.

Ryan & Skinner, for defendant Whitwell.

Gerald B. Fluhrer, for defendant Crimmins Co.

POUND, J. On or about May 5, 1908, the state of New York, under the provisions of the Barge Canal act, acquired title to and took possession of Mrs. Hood's land and store building in the village of Knowlesville for canal purposes. On March 18, 1908, the state entered into a contract with the Crimmins Company for the construction of a section of the Barge Canal between the Eagle Harbor bridge and Beal's bridge. Mrs. Hood's building was on the site of said contract and the contractor took possession thereof from the state. On July 27, 1909, the contractor sold or attempted to sell the Hood building to Mr. Whitwell by bill of sale. Whitwell paid $500 in cash therefor, and agreed to remove the building from the site of the contract on or before November 15, 1909. Before the 15th day of November, 1909, and before Whitwell had removed the building, Mrs. Hood began this action against him, and secured a temporary injunction restraining him from removing the building. The state and the contractor became by consent parties plaintiff and defendant, respectively. The state by virtue of the terms of its contract after July 27th changed the site thereof, so as to exclude therefrom the Hood land, and now seeks to restore the same with the building thereon to Mrs. Hood as it would have the right to do, with her consent, if the sale of the building to Whitwell was inoperative to transfer title thereto. The contractor and the purchaser claim that the latter owns the building, and has the right to remove the same.

The only question in the case is whether the contractor at the time of the transfer of the Hood building to Whitwell was the owner thereof, with power to make such transfer, so that Whitwell acquired the right to remove the building from its present site. The Hood build-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

ing was one of 31 buildings which the contractor agreed to remove from the site of the contract. By the terms of the specifications, under which the contract was awarded, "these buildings will become the property of the contractor, who may dispose of them as he sees fit, except that all parts shall be entirely removed before the completion of the work, together with their foundations and all accessories." Specifications 17a. "The buildings so to be removed shall become the property of the contractor, who shall remove the same, without cost to the state; and in addition thereto shall pay to the state the amount fixed in this contract, to be deducted from the moneys due or to become due under the contract." Specifications 17c.

The contract further provides:

"(25) The contractor agrees that no public or private road that crosses or intersects the line of said canal or work shall be obstructed, nor shall any crops of any kind or nature, or any dwelling house or other building within the site be disturbed, except with the written consent of the state engineer, and then only in such manner and for such time as may be specified in said written consent."

The state engineer has refused his consent to the removal of the Hood building, and it is urged that this defeats the right of the purchaser to remove it.

We have two seemingly inconsistent provisions of the contract if they both apply to the Hood building: First, that the building is the property of the contractor who must remove it before the completion of the contract and may dispose of it as he sees fit; and, secondly, that it is not to be disturbed without the consent of the state engineer, and then only in such manner and for such time as he may indicate. But it seems clear that the contract contemplates two classes of buildings within the site of the contract: First, those which become the property of the contractor who may dispose of them as he sees fit; and, secondly, those which do not become the property of the contractor, but which he may be permitted to disturb, not remove, in such manner and for such time as the state engineer may authorize. No reason is apparent why the state engineer should be called upon to authorize the contractor to remove buildings which are his own property, and which he must remove before the completion of the contract, while a good reason exists why buildings on the site which belong to the state should not be disturbed except by the written consent of the state engineer as to time and manner. I am therefore of the opinion that the consent of the state engineer was not a prerequisite to the removal or destruction of the Hood building by the contractor, and that the state has not reserved to itself a locus penitentiæ in this regard. To hold otherwise would be to hold that the contractor could not go on with his work, clear the site by the removal of the buildings, or avail himself of the benefits of his contract without the written consent of the state engineer.

But it is also argued that the buildings are real property belonging to the state and do not become the personal property of the contractor until they are actually removed from the site, and that the contractor has no right to dispose of them by sale or to transfer the right to remove them to the purchaser, but only the right to convert them into

personalty by actual removal. The state became the owner of the land and buildings after the contract was let. The buildings "to be removed" then became the property of the contractor according to the terms of the contract. The title and ownership of permanent erections generally follow the title of the land, but it is perfectly competent for parties by contract so to regulate their respective interests that one may be the owner of the buildings and another of the lands. People ex rel. Muller v. Board of Assessors, 93 N. Y. 308. And, where buildings alone are .conveyed by the owner of the land, they will in contemplation of law be regarded as divided and severed from the soil, and will vest as chattels in the grantee, even before actual severance. Schuchardt v. Mayor, 53 N. Y. 202. At least such would be the rule in this case, where the removal of the buildings is a mere incident of the work contracted for, and where the contractor has actually exercised his right to dispose of the buildings.

The ownership of the Hood building as personal property vested in the contractor when the state appropriated the lands, and it had the right to dispose of the same "as it saw fit," whether by actual removal or by sale, so long as it did so before the site of the contract was changed.

Defendants are entitled to judgment. No costs. Prepare decision accordingly.