SAMUEL MELTON et al., Copartners under the Firm
Name of S. MELTON & SON, Appellants, *v.* FULLERTON-
WEAVER REALTY COMPANY, Respondent.

Real property — contract — sale of building to be torn down
and removed from land of vendor within stipulated time — when
vendor cannot prevent purchaser from removing part of build-
ing on ground that time for removal had expired — action for
conversion.

1. While the title and ownership of permanent erections by one
person upon the lands of another as a general rule accrue to the
holder of the title of the lands, nevertheless it is competent for
parties by contract to so regulate their respective interests that one
may be the owner of the ·buildings and another the owner of the
lands.

2. Plaintiffs and defendant entered into an agreement whereby
the latter sold to the former a building on its premises, which was
then standing but was to be, and was, substantially torn down by
plaintiffs.  Defendant refused to allow plaintiffs to remove from the .
premises materials from the demolished building, including the
foundation walls, claiming that they had failed to complete the work
within the time stipulated.  *Held*, that the owner, having accepted
and retained the purchase price of the building and acquiesced in
the removal of a part thereof, could not assert that the agreement
was illegal, on the ground that they could not sever the building
from the realty and invest title thereto in the purchaser thereof.
*Held, further*, on examination of the terms of the contract and a
letter written by defendant to plaintiffs in relation to the alleged
breach by them, that plaintiffs' eviction from the premises on the
ground of non-compliance with the contract was premature and
that defendant having refused to allow them to remove the mate-
rial, plaintiffs may recover in conversion therefor.
*Melton* v. *Fullerton-Weaver  Realty  Co.*, 157 App. Div. 525,
reversed.

(Argued March 5, 1915; decided April 20, 1915.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered July 21, 1913, which reversed, as matter of
law only, a determination of the Appellate Term affirm-

ing a judgment of the City Court of the city of New York in favor of plaintiffs entered upon a verdict and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Slade, Benjamin Slade* and *Maxwell Slade* for appellants. The court did not err in its construction of the contract in the case at bar. (*Vandergrift* v. *Cowles Engineering Co.*, 161 N. Y. 435.) The house sold, without the land upon which it stood, to be removed by the plaintiffs, became, as between the parties to the contract, personal property, and, in the eyes of the law, upon the execution of said contract, a constructive severance of said house from the land was effected, and an action for conversion against the vendor will lie for all the old material in said house sold, whether actually severed and removed or not. (Burdick on Sales [3d ed.], 29, 30; *Dallivar* v. *Ela*, 128 Mass. 557; *Wheeler* v. *McFarron*, 33 Oreg. 22; *Smith* v. *Benson*, 1 Hill, 176; *Stackpole* v. *East R. Co.*, 62 N. H. 493; *Beck* v. *McLean*, 129 App. Div. 745; *Crosby* v. *Woleben*, 149 App. Div. 337; *Sextons* v. *Breese*, 135 N. Y. 387; *Bostwick* v. *Leach*, 3 Day, 476; *Schuchard* v. *Mayor, etc., of New York*, 53 N. Y. 203; *Sanborn* v. *Hoyt*, 24 Maine, 118; *Kingsley* v. *Holbrook*, 45 N. H. 313.)

*Isaac H. Levy* for respondent. The contractor was required to complete the work by July 25, 1911, and in the event of his failure to complete by that date, or in the event that he neglected to proceed with the required diligence, the owner was justified in taking possession of the property. (*Nat. Surety Co.* v. *Long*, 125 Fed. Rep. 887.) The buildings, which it is claimed passed as personal property, were primarily and essentially real property and never had existence in any other character, and the parties could not by express agreement give them any other

character than that of real property.   (*People ex rel. I. R. T. Co.* v. *O'Donnell,* 202 N. Y. 313; *Ford* v. *Cobb,* 20 N. Y. 344; *Duffus* v. *Howard Co.,* 8 App. Div. 567; *Tifft* v. *Horton,* 53 N. Y. 380; *W. U. Tel. Co.* v. *Baltimore Ry. Co.,* 11 Fed. Rep. 1; *Glencoe Sand & Gravel Co.* v. *Hudson Com. Co.,* 138 Mo. 439.)

HOGAN, J.   Defendant was the owner of premises in the city of New York, known as Numbers 71 to 77 East Eighty-second street and Number 960 Park avenue, upon which was located a five-story and basement brick apartment house.   Plaintiffs were engaged in the business of wrecking of buildings.   The defendant had planned for the erection of a new building on the premises designated, and on June 3d, 1911, the parties hereto entered into an agreement in writing whereby the defendant in consideration of the sum of nine hundred dollars sold to the plaintiffs the building on the premises referred to, excepting only one boiler.   Plaintiffs agreed to provide all the labor and material necessary to tear down, remove and cart away all the materials comprising the building down to the level of the cellar including all foundations and other walls excepting a designated retaining wall, to save harmless the defendant against all suits and claims arising from the work, to furnish a surety company bond to that end and an additional bond to secure the performance of the contract.

Article 3 of the contract provided:

"It is distinctly understood and agreed between the parties hereto that time shall be one of the essence of this agreement, and that the Contractor agrees to proceed with the utmost diligence and dispatch in the demolishing and removal of these buildings and agrees to have all the work specified in Article II entirely completed on or before July 25, 1911."

Article 8 of the contract provided:

"Should the Contractor complete all the work compre-

hended under this agreement on or before July 25, 1911, the Owner will pay the Contractor the sum of five hundred dollars ($500.00) as a bonus.   In the event of the Contractor *failing to complete all the work comprehended under this agreement on or before August 3, 1911*, the Contractor shall pay the Owner forthwith the sum of five hundred dollars ($500.00) as a penalty."

By article 7 of the contract a failure or neglect on the part of the plaintiffs to supply a sufficiency of workmen or materials, or to prosecute the work with promptness, gave to the defendant a right to terminate the employment of plaintiffs, giving notice in writing of its election to enter upon the premises and to take possession for the purpose of completing the work included under the agreement of all the materials, tools and appliances belonging to the plaintiffs and to employ any other person or persons to finish the work at the expense of the plaintiffs.

Work under the contract was commenced on the 5th day of June, 1911, and on the 25th day of July, 1911, the building had been removed to the street level; the foundation walls were to be removed together with two boilers.   The plaintiffs continued the work until July 28th or 29th, 1911, when they were ejected from the premises by the defendant and another contractor employed to finish the work.   Having been denied the right to remove the materials and boilers, the plaintiffs brought this action to recover the value of the same.

The plaintiffs recovered a verdict in the City Court which was affirmed by the Appellate Term; the judgment was reversed by the Appellate Division upon the ground that the building and materials continued to be realty, and the action for conversion of personal property would not lie; thus, in effect, holding that the owner of real property cannot sever therefrom a building located thereon which is to be removed from the realty and invest title to the same as personalty in the purchaser thereof.

We fail to discover any plausible objection to such a sev-

erance. In the case at bar there is an absence of any claim of interest of mortgagees, lessees or parties interested in any manner in the realty, save only the owner of the premises who made the sale of the building to be removed. The owner accepted and retained the purchase price of the building, acquiesced in the removal of the same down to the foundation walls and now asserts that the agreement was illegal. Contracts of the same general character as the agreement under consideration are not uncommon and embrace cases where a building is to be removed from premises without demolition. Numerous instances might be cited where buildings are erected upon leased lands under contracts wherein is reserved the right of the lessee, owner of the buildings, to remove the same upon the termination of the lease. While the title and ownership of permanent erections by one person upon the lands of another as a general rule accrue to the holder of the title of the lands, nevertheless it is competent for parties by contract to so regulate their respective interests that one may be the owner of the buildings and another the owner of the lands. (*People ex rel. Van Nest* v. *Commissioners of Taxes,* 80 N. Y. 573; *People ex rel. Muller* v. *Board of Assessors, Brooklyn,* 93 N. Y. 308; Kerr on Real Property, vol. 1, chapter 2, sections 27, 28.)

The principle laid down in the cases cited, it seems to us, controls in this case. Here there was clearly a severance of the building from the land by the owner. Such a severance was necessary to the erection of a new building upon the land and upon the execution of the agreement between the owner and plaintiffs, together with the payment and receipt of the purchase price of the building, the title to the building as a chattel became vested in the plaintiffs. (*Schuchardt* v. *Mayor, etc., of N. Y.,* 53 N. Y. 202; *Hood* v. *Whitwell,* 66 Misc. Rep. 49; affirmed, 140 App. Div. 882; 200 N. Y. 566.)

An action for the conversion of the same or any portion thereof was maintainable by the plaintiffs. (*Shaw*

v. *Carbrey,* 95 Mass. [13 Allen] 462; *Korbe* v. *Barbour,* 130 Mass. 255; *Dolliver* v. *Ela,* 128 Mass. 557; *Hand-forth* v. *Jackson,* 150 Mass. 149; *Adams* v. *Goddard,* 48 Me. 212; *Osborn* v. *Potter,* 101 Mich. 300; *Dame* v. *Dame,* 38 N. H. 429.)

Counsel for respondent argues that under the terms of the contract the plaintiffs were required to complete the work of the removal of the material by July 25th, 1911.

By article 3 of the agreement it was provided " that time shall be one of the essence of this agreement, and that the Contractor (plaintiffs) agrees to proceed * * * and agrees to have all the work specified * * * entirely completed on or before July 25, 1911."

Article 8 of the agreement provided that if the work was completed on or before July 25th, 1911, defendant would pay to plaintiffs five hundred dollars as a bonus, and, further, that in the event that plaintiffs failed to complete all of the work on or before August 3, 1911, plaintiffs were to pay defendant five hundred dollars as a penalty.

The latter provision referred to conferred upon plaintiffs the right to continue the work until and including August 3d, if by diligence it had not been completed on or before July 25th. (*Vandegrift* v. *Cowles Engineering Co.,* 161 N. Y. 435.)

Such construction was in fact placed upon the contract by the defendant, as appears from the correspondence between the parties. On July 26th the defendant addressed a letter to the plaintiffs, stating that they were in default in the completion of the work under the contract, which should have been completed by the 25th inst., and continued: " We wish to notify you further that you have now apparently abandoned the work of removing the foundation walls, *and we wish to be advised at once whether you intend to complete this work immediately or not. If this abandonment continues* we will be forced to serve you and the Insurance Company the notice pro-

vided for in Article 7 of our agreement. You have not only not earned the bonus mentioned in Article 8, but unless you adopt immediate and energetic methods, *we think you will be unable to complete by the 3d of August, at which date you will be further liable to a penalty of five hundred dollars.*"

The letter quoted, written after the date specified in the contract, July 25th, was a recognition by the defendant of the right of the plaintiffs to complete the work of removal of the materials and boilers remaining on the premises on or before August 3d.

As the title to all material in the building, together with the two boilers, became vested in plaintiffs, and the jury found under proper instructions from the trial justice that the defendant had taken possession of and refused plaintiffs the right to remove the same, the defendant was chargeable with the conversion of the property and liable for the value thereof.

We have examined the remaining questions presented by counsel for respondent and fail to find anything in the record requiring further consideration.

The order of the Appellate Division should be reversed and the judgment of the Appellate Term affirming the judgment of the City Court should be affirmed, with costs to the plaintiffs in the Appellate Division and this court.

HISCOCK, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, Ch. J., MILLER and CARDOZO, JJ., concur in result.

Order reversed, etc.