Heckscher Building Corporation, Plaintiff, *v.* Wal-
ter Melton, Defendant.

(Supreme Court, New York Special Term, October, 1920.)

Injunctions — contracts— demolition and removal of buildings —
time essence of contract — unreasonable delay in performance
of work — Code Civ. Pro. § 620.

Where a contract by which plaintiff, in consideration of the
payment of a certain sum of money, gave defendant permis-
sion to demolish and remove certain buildings, provides that
time is of the essence of the contract and that the work is to
be completed within a certain time limit, and it is doubtful
whether the parties intended that the title to the buildings
should pass until they were removed, the breach of the con-
tract on the part of the defendant not only deprives him of
any benefit thereunder but subjects him to an action for
damages.

Where in an action commenced after the expiration of the
time limit of the contract upon an allegation that the defendant
is unreasonably delaying the work the court is satisfied that
there is a reasonable probability that the allegations of the
complaint will be sustained, plaintiff's motion for an injunction
against the defendant interfering in any way with the demoli-
tion of the buildings or appropriating or taking away any
salvage or property, will be granted upon condition that plain-
tiff give a bond in accordance with section 620 of the Code of
Civil Procedure.

Action for an injunction.

McKinstry, Taylor, Patterson & Ellis, for plaintiff.

Slade & Slade, for defendant.

Lehman, J. On the 20th day of May, 1920, the par-
ties entered into an agreement whereby the plaintiff,
in consideration of the sum of $11,250, gave permission
to the defendant " to tear down, demolish and carry
away the buildings located on the plot of land on the

Southwest corner of Fifth Avenue and 57th Street.'' The contract among other things provided: '' It is understood and agreed that time is the very essence of this contract, and the work must begin and be carried on with the utmost diligence and dispatch, and the work of demolition is to be completed and the cellar left broom clean within forty working days from the date of the commencement of the work. * * * It is further understood and agreed that the Contractor will employ only wreckers who are members of the Building Trade Council, and if the work of demolition and removing of materials and rubbish shall be delayed by a strike of the building wreckers in no wise caused by or resulting from default or collusion on the part of the Contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of said strike, which extended period shall be determined and fixed by the owner. The owner reserves the privilege, however, in the event of a strike delaying the progress of the work * * * to provide any labor, equipment, tools, etc. which may be needed, and prosecute the work to a completion and any expense incurred by the owner in said event shall be paid to the owner by the contractor.'' The contract also provided that the defendant should give a bond for $10,000, guaranteeing the execution of the contract and that if the contractor shall not have completed the work within forty days, the amount of the bond shall belong absolutely to the plaintiff by way of fixed, settled and liquidated damages.

The plaintiff claims that more than forty working days have elapsed since the beginning of the work and that the defendant is unreasonably delaying the work. It therefore asks for an injunction against the defendant interfering in any way with the demolition of the

Supreme Court, October, 1920.          [Vol. 113.

buildings or appropriating or taking away any salvage or property. The defendant at the outset claims that regardless of whether or not he has broken the contract, the plaintiff cannot obtain an injunction because the buildings under the contract belong to the defendant and he has a right to remove his own property from the premises. It is true that under the authority of *Melton* v. *Fullerton-Weaver Realty Co.,* 214 N. Y. 571, it is now definitely established that parties as between themselves may provide that a building annexed to the realty shall be considered as personalty and title may pass to such building by sale before the work of demolition is begun but in that case the intention of the parties to sell the building was clearly expressed in the contract while in this case the plaintiff did not expressly agree to sell the building but merely gave to the defendant permission to remove it and it is at least doubtful whether the parties intended that title to the property should pass until the building was removed. Apparently the contract is really one for the demolition and removal of a building of such value that the materials in the building would, in themselves, furnish more than sufficient consideration for the work to be done by the defendant and the defendant therefore was required to pay the sum of $11,250 for permission to do the work. In any event, however, even if title to the building passed under the contract, the right of the defendant to move the building would be forfeited if he did not complete within the time limited by the contract and even in the case of *Melton* v. *Fullerton-Weaver Realty Co., supra,* the opinion of the Court of Appeals shows that the court assumed that the owner of the land would not be guilty of any conversion if after the expiration of such time, it excluded the purchaser of the building from his land. The real question therefore is whether or not the

plaintiff shows that the defendant has breached his contract.

It is clear that more than forty working days have expired since the commencement of the work, unless the defendant's contention is correct that the work was delayed by strikes and rainy days. Ordinarily the court will not grant an injunction where the facts upon which the injunction is based are disputed, but in this case the denial by the defendant is not at all convincing because it is contradicted by the official weather reports and by an officer of the House Wreckers Union. The loss to the plaintiff if the defendant is permitted to continue to work for an indefinite time would be large and not subject to calculation and under the circumstances it seems to me that the plaintiff is entitled to an injunction upon giving the defendant a bond sufficient to cover his possible damages.

The defendant further claims that under the contract the plaintiff has reserved the right to enter only in case of a strike and that since the contract provides for liquidated damages in case of a breach, the plaintiff cannot claim the right to enter upon the premises except under the circumstances provided for in the contract and that if the defendant has breached his contract, the plaintiff is protected by the liquidated damages. Neither of these contentions seems to me to deserve serious consideration. The plaintiff has a right to re-enter only as provided in the contract during the existence of the contract but clearly in case of breach of the contract it has a right to re-enter upon its own property and to remove the buildings erected thereon and it would be absurd to suppose that the parties contemplated that the defendant could breach his contract and delay the work for an indefinite time and yet be entitled to the benefits of the contract. The breach of the contract in itself deprives the defendant

of the right to its benefits and, in addition, subjects him to an action for damages. Upon the present motion the court cannot and should not attempt to decide finally that there has been a breach of the contract but it does decide that from the complaint it appears that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of the act which during the pendency of the action would produce injury to the plaintiff and that with reasonable probability the plaintiff will be able to sustain the allegations of the complaint.

Motion for an injunction is, therefore, granted upon condition that the plaintiff gives a bond in the sum of $30,000 in accordance with section 620 of the Code.

Ordered accordingly.