·OTTO F. EICHHAMMER, Respondent, v. HELEN D. PARSONS, Appellant.— The action lies in conversion. On October 1, 1927, defendant and her husband conveyed to plaintiff premises in Suffolk county, on which there was and still is a building. As part payment plaintiff delivered to her his purchase-money mortgage, which provided that all buildings on the premises " may be removed by the mortgagor and are not included in or affected by the lien of this mortgage." Plaintiff defaulted and defendant foreclosed the mortgage and the action proceeded to judgment and sale. The judgment and notice of sale contained the above provision embodied in the mortgage. The complaint is silent as to the date of sale, nor does it appear who was the purchaser. From the briefs it appears the sale was had on June 1, 1935, and defendant was the purchaser. Subsequent to the sale plaintiff demanded that he be permitted to enter the premises and remove the building, and when permission was refused he instituted this action for conversion. The Special Term denied defendant's motion to dismiss the complaint. The complaint is defective for failure to allege defendant's possession of the building. But even if it contained such an allegation it still would be insufficient. The mortgage did not effect a severance of the building from the land. It merely reserved in plaintiff the right to remove the building. Nor did a severance result from the foreclosure judgment and sale. When the referee sold the property the building passed with it, unless there was a valid reservation of plaintiff's title to the building at the sale. The clause in the mortgage, embodied in the judgment and notice of sale, did not constitute such a reservation. It was merely a notice that there was an outstanding claim against the building, subject to which the premises would be sold. There was no reservation of the building from the sale or notice that the purchaser would not take the building. (*Banta* v. *Merchant*, 173 N. Y. 292.) *Melton* v. *Fullerton-Weaver Realty Co.* (214 N. Y. 571) and *Hood* v. *Whitwell* (66 Misc. 49; affd., 140 App. Div. 882; affd., 200 N. Y. 566), cited by respondent, are not in point. Order denying on reargument defendant's motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, with the following memorandum: The

mortgage contained a provision that all buildings on the premises were not included in or affected by the lien of the mortgage and may be removed by the mortgagor. Defendant is the assignee of the mortgage. There is no allegation that defendant had ever been in control or possession of the buildings. In that respect the complaint does not state facts sufficient to constitute a cause of action. An amended complaint could remove this defect. It is alleged that an action was brought to foreclose the mortgage and that the complaint, judgment and notice of sale contained the same provisions as the mortgage. There is no allegation that the property was sold under the judgment of foreclosure and sale. Since the lien of the mortgage did not attach to the buildings — and it is so adjudged by the judgment — they were not affected by the judgment of foreclosure and sale and the right to remove continues. Any one interfering with the right of the plaintiff to remove the buildings would be guilty of conversion. This would be so even if the property had been sold under the judgment, as it seems to be conceded. The order should be affirmed, with ten dollars costs and disbursements, with leave to serve amended complaint within ten days.